Scott Elbert HATFIELD, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–84–00008–CR.

Court of Appeals of Texas,
Dallas.

March 21, 1985.

Kerry P. Fitzgerald, Dallas, for appellant.

Mary Jo Kain, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, ALLEN and McCLUNG, JJ.

McCLUNG, Justice.

This is an appeal from a conviction for the offense of driving a motor vehicle while intoxicated. After the entry of a guilty plea, punishment was assessed by a jury at six months confinement in the Dallas County Jail and payment of a $250 fine. In his sole ground of error, appellant contends that he was denied due process and equal protection when his motion to shuffle was rendered moot by allotment of only twelve jurors to the panel. We disagree. Consequently, we affirm.

At the commencement of the punishment portion of the trial, out of the jury's presence, the following transpired:

[DEFENSE COUNSEL]: The Court, having handed me a list of the jurors to be called in this case, which contains only twelve jurors and no alternates, the Court having previously explained to Counsel, that I would not be allowed the general information, which is accorded to every other lawyer in the courthouse, and nearly every other court in the courthouse, with regard to the background, religious, prior criminal jury service, civil jury service, their ages, and the number of children, and other information which is helpful to a lawyer on the voir dire examination.

That being explained to defense counsel by the Court, that this procedure is being invoked for the simple reason that the defense lawyer would not advise the Court of whether or not he would seek to shuffle the jury after he had seen them seated.

And I object to this procedure and ask the Court to present me with the proper jury list as is provided in other cases, and that this procedure is designed to deprive the Defendant of equal protection of the laws and the proper due procedure under

the 14th Amendment, and the—State and constitutional provisions are the same. And I ask the Court to comply with the statutes and the rulings of the Court of Criminal Appeals, the Court of Appeals here in Dallas, Texas, with regard to the right of the Defendant to shuffle a jury after he has seen them and prior to the beginning of voir dire.

That this procedure denies that, and the Court is doing indirectly that of which it cannot do directly. I object to it.

THE COURT: All right. Overruled. Let the record reflect that the Court is following word for word, period for period, crossing each "T" in Chapter 35—bring the jury in—of the Code of Criminal Procedure, the State of Texas.

Appellant now contends that he was denied "due process and equal treatment under the law contrary to the Constitutions of the State of Texas and the United States." Specifically, he maintains that because only twelve potential jurors were available to serve on a potential panel, and because both the State and defense had three peremptory challenges, the shuffle was rendered moot.

■ We begin our analysis by noting that the ground of error urged on appeal relates to the number of potential jurors. The objection made at trial relates to the procedure generally. Nowhere in the objection did the attorney specifically complain about the *number* of potential jurors. Hence, the ground urged on appeal varies from the objection raised at trial and need not be considered, *Euziere v. State*, 648 S.W.2d 700 (Tex.Crim.App.1983).

■ Furthermore, appellant does not cite any authority in support of his argument. The record reflects that appellant received a shuffle prior to voir dire. This procedure complies with the mandates of TEX.CODE

CRIM.PROC.ANN. art. 35.11 (Vernon 1981).[1] *See Latham v. State*, 656 S.W.2d 478 (Tex.Crim.App.1983); *Smith v. State*, 648 S.W.2d 695 (Tex.Crim.App.1983). The procedure also complies with the other requirements for selection of jury panels. TEX.CODE CRIM.PROC.ANN. art. 33.09 (Vernon 1966) provides that:

> Jury panels ... shall be selected and summoned ... in the same manner as the selection of panels for the trial of civil cases except as otherwise provided in this Code.

Since the Code of Criminal Procedure does not otherwise provide, TEX.R.CIV.P. 231 and 235 apply in criminal cases when a sufficient number of jurors do not remain on the list after challenges are made. Contrary to appellant's argument, there is no requirement that additional jurors' names be drawn at the time the original list is prepared. Instead, TEX.R.CIV.P. 231 provides that if challenges for cause reduce the number of jurors to less than twelve, at that time "the court shall order other jurors to be drawn ... and their names written upon the list instead of those set aside for cause." If peremptory challenges result in an incomplete jury, TEX.R.CIV.P. 235 requires that the court "direct other jurors to be drawn or summoned to complete the jury." The record indicates that there were no challenges for cause which resulted in a reduction of the number of jurors on the list. After the peremptory challenges were exercised by appellant and the State, there were six jurors remaining on the list which constitutes a complete jury in a county court. As a result, rule 235 was not triggered. Accordingly, since all procedures were complied with, there was no denial of due process or equal protection. Appellant's ground of error is overruled.

---

1. Article 35.11 provides:

    *Art. 35.11. Preparation of list.* The trial judge, upon the demand of the defendant or his attorney, or of the State's counsel, shall cause the names of all the members of the general panel drawn or assigned as jurors in such case to be placed in a receptacle and well-shaken, and the clerk shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order drawn, on the jury list from which the jury is to be selected to try such case, and write the names as drawn upon two slips of paper and deliver one slip to the State's counsel and the other to the defendant or his attorney.

The judgment of the trial court is affirmed.