Robert Earl **ROBERSON** a/k/a Robert Earl **Robertson, Appellant,**

v.

The **STATE** of Texas, **Appellee.**

No. 58065.

Court of Criminal Appeals of Texas, Panel No. 1.

March 21, 1979.

Rehearing En Banc Denied July 3, 1979.

Gladys R. Goffney, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Gerald R. Flatten, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction of aggravated robbery. The punishment, enhanced by a prior conviction, was assessed by the jury at fifty (50) years.

In two grounds of error appellant contends that the trial court committed reversible error in denying his motion to shuffle the names of the jury panel and in refusing to grant a mistrial after a State's witness took from the courtroom a weapon already admitted into evidence in order to conduct ballistic tests.

■ Appellant first challenges the trial court's refusal to shuffle the names of the jury panel. While the record reflects that the trial court did refuse such a request, it also reveals that the request was not made until *after* the voir dire of two prospective jurors. In reviewing the decisions of *Griffin v. State*, 481 S.W.2d 838 (Tex.Cr.App. 1972), and *Overton v. State*, 490 S.W.2d 556

(Tex.Cr.App.1973), this court in *Alexander v. State*, 523 S.W.2d 720 (Tex.Cr.App.1975), stated:

". . . The soundness of requiring such a motion to be made before voir dire begins is apparent. To allow either party to request a shuffle of the names of the jury panel after voir dire begins would be disruptive and unduly prolong the trial. Further, it would permit such an election to be based upon information already elicited on voir dire. Clearly, this was not the intent of the legislature."

In view of this language, we conclude that in the instant case the trial court properly refused appellant's request to shuffle the names of the jurors.

■ In his second contention appellant complains of the trial court's refusal to grant his motion for mistrial after an officer of the Houston Police Department took from the courtroom a shotgun already in evidence in order to conduct a test firing. The record reflects that the weapon in question was introduced into evidence through the testimony of officer C. Knight. Knight testified that the appellant had used the gun in the commission of the offense. On cross-examination of Knight, the defense raised the issue of whether the shotgun was operable to the extent that it would fire. The State claims that this raised a defensive theory which justified the actions of the prosecuting attorney in instructing officer Rascow of the Houston Police Department to take the gun, during a noon recess, and test it. The record reflects that this was done without the knowledge or consent of the trial court or the appellant or his counsel. Rascow later testified that he had taken the gun, fired it and returned it to the courtroom without altering it in any way.

■ It cannot be considered proper conduct for any prosecuting attorney to instruct a State's witness to take exhibits which have been admitted into evidence and remove them from the courtroom. Such actions certainly require the approval of the trial court pursuant to the opportunity for

objection by opposing counsel. However, in the instant case we cannot conclude that the error warrants reversal.

Since the issue here was raised by the defense during cross-examination of the State's witness, the State was properly entitled to refute the defensive theory raised. See, *Waffer v. State,* 500 S.W.2d 659 (Tex. Cr.App.1973); *Wilburn v. State,* 418 S.W.2d 832 (Tex.Cr.App.1967); *United States v. Marcello,* 423 F.2d 993, cert. denied, 398 U.S. 959, 90 S.Ct. 2172, 26 L.Ed.2d 543 (1970). Although the propriety in taking the exhibit without the court's permission is questionable, the record before us fails to support appellant's claim that he was harmed by the procedure. There is nothing to indicate that the weapon had been tampered with or that it was in a different condition than it was prior to the test firing. We therefore overrule appellant's contention.

The judgment is affirmed.