**Milton Ray SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 65127.

Court of Criminal Appeals of Texas, En Banc.

April 13, 1983.

Bill Whitehurst, on appeal only, Athens, for appellant.

Billy M. Bandy, Dist. Atty., Henderson, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION

MILLER, Judge.

This is an appeal from a jury trial wherein the appellant was convicted of aggravated assault. Punishment was assessed by the jury at 10 years imprisonment.

Appellant, in his sole ground of error, contends the trial court committed reversible error in refusing his motion to shuffle the jury panel. The record reflects that the appellant timely presented the motion to shuffle after the jury panel was seated and prior to voir dire examination. See *Alexander v. State,* 523 S.W.2d 720 (Tex.Cr.App. 1975). The motion was denied by the trial court.

Article 35.11, V.A.C.C.P., provides:

"The trial judge, *upon the demand of the defendant or his attorney,* or the State's counsel, shall cause the names of all the members of the general panel drawn or assigned as jurors in such case to be placed in a receptacle and wellshaken, and the clerk shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order drawn, on the jury list from which the jury is to be selected to try such case, and write the names as drawn upon two slips of paper and deliver one slip to the State's counsel and the other to the defendant or his attorney." (emphasis added)

Under this statute, a defendant or the State is entitled, upon demand, to have the jury panel reshuffled. *Davis v. State,* 573 S.W.2d 780 (Tex.Cr.App.1978); *Como v. State,* 557 S.W.2d 93 (Tex.Cr.App.1977). The State argues that since the district clerk, as a routine matter, shuffled the jurors prior to the seating of the panel, the statute is satisfied and "[t]here is no requirement that the Court order the clerk to continue to reshuffle the jury until the defense counsel is totally satisfied with the seating arrangement." We do not find this argument persuasive. Article 35.11 gives the defendant an absolute right to have the jury shuffled. This, of course, does not allow the defendant to demand that the panel be continually reshuffled after his first motion has been granted. He is entitled, however, to the granting of that first motion, regardless of the manner in which the jury was originally assigned by the clerk.

 Furthermore, appellant need not demonstrate that the trial court's failure to shuffle the jurors upon proper motion resulted in his being harmed or having to take an unacceptable juror. *Davis,* supra; *Como,* supra. The statute is mandatory; the trial court must cause the jurors to be shuffled upon proper demand; the court erred in denying appellant's motion to reshuffle. *Archibald v. State,* 629 S.W.2d 67 (Tex.Ct.App.—Dallas 1981), *p.d.r. ref'd,* (July 21, 1982); *Davis,* supra.

The judgment is reversed and the cause is remanded.

W.C. DAVIS, J., dissents.