**Philip Ronald STARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 991–82.**

Court of Criminal Appeals of Texas, En Banc.

June 15, 1983.

David A. Sheppard, Austin, for appellant.

Ronald D. Earle, Dist. Atty. and Ben C. Florey, Jr., Asst. Dist. Atty., Austin, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

We granted appellant's petition for discretionary review in order to review the holding of the Austin Court of Appeals that Article 35.11, V.A.C.C.P. "contemplates only one shuffle of the jury panel, be it at the request of the State or at the request of one or more of the defendants," and that there is nothing in the statute "which dictates the location where the shuffle of the panel members must be conducted."[1] Appellant attacks the peculiar practice of conducting the final shuffle of the jury panel outside the courtroom at the request of the State before the defense has ever laid eyes on them.[2]

The practice here decried, and appellant's objection to it, clearly appear in the record:

"THE COURT: Here's what we do. They shuffle them at the request of the District Attorney's Office, which they wrote a letter to the District Clerk saying that after the jury was qualified, that then any juror sitting in criminal cases would be shuffled before sending them up here. That probably complies with the statute.

My only question is if you want them shuffled again, I'll do it, but I want to know in advance before they type up their list.

MR. SHEPPARD [Defense counsel]: Okay. Well, my understanding of the statute is that I get a chance to look at how they're seated here before I file my Motion to Shuffle. And I'm not asking that that be filed. In fact, I'll withdraw that at this time, Your Honor, until I've had a chance to look at the panel. I think I have an opportunity to look at the panel we have here in the courtroom for this trial, and then if I want to file my Motion to Shuffle, I'm automatically entitled."[3]

Appellant's interpretation of the statute is correct. The statute "gives the defendant an absolute right to have the jury shuffled." *Smith v. State,* 648 S.W.2d 695 (Tex. Cr.App.1983). The statute also contemplates that court business will be conducted in the courtroom.[4]

Accordingly, the judgment of the Austin Court of Appeals is reversed and the cause remanded to the trial court.

---

1. *Stark v. State,* 643 S.W.2d 187, 189 (Tex.App.—Austin 1983).

2. The statute reads as follows:
   "The trial judge, upon the demand of the defendant or his attorney, or of the State's counsel, shall cause the names of all the members of the general panel drawn or assigned as jurors in such case to be placed in a receptacle and well-shaken, and the clerk shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order drawn, on the jury list from which the jury is to be selected to try such case, and write the names as drawn upon two slips of paper and deliver one slip to the State's counsel and the other to the defendant or his attorney."

3. This colloquy took place in the morning. That afternoon when the panel was brought into the courtroom defense counsel moved for a jury shuffle, and the court refused, on the basis that the earlier shuffle out of the courtroom satisfied the statute.

4. The Special Commentary states that the act "gives recognition to a commonly used practice, and apparently seeks uniformity of procedure in this regard throughout the State."