William R. LATHAM & John W.
Winston, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 65564, 65566.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 14, 1983.

R. William Wood, Denton, for Latham.

Robert J. Matlock, Dallas, for Winston.

Henry Wade, Dist. Atty., W.T. West-
moreland, Jr., Jim Johnson and Mike Wil-
son, Asst. Dist. Attys., Dallas, Robert Hut-
tash, State's Atty. and Alfred Walker, Asst.
State's Atty., Austin, for the State.

## OPINION

TEAGUE, Judge.

William R. Latham and John W. Winston, appellants, after a joint trial with four other persons, were convicted and punished by a jury because they violated a provision of the statute governing the sale of securities, which law is more commonly known as the Texas Blue Sky Law. See Art. 581–29(C), V.A.C.S. Pursuant to the recommendation of the jury, the trial court ordered each appellant placed on probation for six months.

■ Appellants assert in their respective appellate briefs that the trial court committed reversible error when it refused their respective and timely urged motions to shuffle the names of the members of the assigned jury panel in the courtroom where their causes were tried. Appellants are correct in their assertion and we will reverse their convictions.

■ The provisions of Art. 35.11, V.A.C.C.P.,* are mandatory. If the accused timely requests that the trial court shuffle the names of the prospective jurors who make up the assigned jury panel from which the jury that will judge the facts of the accusation will come, the request must be granted because the accused has an absolute right to a shuffle of the names of those persons. When the accused timely presents to the trial court a motion to shuffle, the trial court has no choice of whether to grant or refuse it, because he must always grant such a motion. See *Stark v. State,* 657 S.W.2d 115 (Tex.Cr.App.1983); *Smith v. State,* 648 S.W.2d 695 (Tex.Cr.App.1983); *Davis v. State,* 573 S.W.2d 780 (Tex.Cr.App. 1978); *Como v. State,* 557 S.W.2d 93 (Tex. Cr.App.1977); *Woerner v. State,* 523 S.W.2d 717 (Tex.Cr.App.1975); *Alexander v. State,*

523 S.W.2d 720 (Tex.Cr.App.1975); *Gonzales v. State,* 468 S.W.2d 85, 87 (Tex.Cr. App.1971); *Dynes v. State,* 479 S.W.2d 676 (Tex.Cr.App.1972); *Boatright v. State,* 472 S.W.2d 765, 769 (Tex.Cr.App.1971); *Fontenot v. State,* 379 S.W.2d 334 (Tex.Cr.App. 1964); *Rhodes v. State,* 171 Tex.Cr.R. 384, 350 S.W.2d 651 (1961); *Curry v. State,* 157 Tex.Cr.R. 237, 248 S.W.2d 166 (1952); *De Joyas v. State,* 141 Tex.Cr.R. 520, 150 S.W.2d 254, 256–257 (1941); *Moore v. State,* 132 Tex.Cr.R. 403, 105 S.W.2d 250 (1937); *McMahon v. State,* 17 Tex.Rep. 321 (Ct.App. 1884). Furthermore, on appeal the defendant does not have any burden to show that he was harmed or that he was forced to take an unacceptable juror. See, for example, *Davis v. State,* supra; *Como v. State,* supra; *Woerner v. State,* supra; *Alexander v. State,* supra; *Moore v. State,* supra. In summary, failure on the part of the trial court to satisfy a timely demand by the accused for a shuffle of the names of the members of the assigned jury panel constitutes reversible error.

■ The accused who desires a shuffle must urge his motion to shuffle prior to the commencement of the voir dire examination of the assigned jury panel. See *Woerner v. State,* supra; *Davis v. State,* supra; *Alexander v. State,* supra; *Roberson v. State,* 582 S.W.2d 422 (Tex.Cr.App.1979). A motion to shuffle that is urged after the commencement of the voir dire examination of the assigned jury panel is untimely, and may be summarily overruled by the trial court. See *Overton v. State,* 490 S.W.2d 556 (Tex.Cr.App.1973); *Griffin v. State,* 481 S.W.2d 838 (Tex.Cr.App.1972); *Roberson v. State,* 582 S.W.2d 422 (Tex.Cr.App.1979); *Kramer v. State,* 605 S.W.2d 861 (Tex.Cr. App.1980); *Valdez v. State,* 472 S.W.2d 754 (Tex.Cr.App.1971); *Buie v. State,* 1 Tex.

---

* Art. 35.11, V.A.C.C.P. provides as follows:

The trial judge, upon the demand of the defendant or his attorney, or of the State's counsel, shall cause the names of all the members of the general panel drawn or assigned as jurors in such case to be placed in a receptacle and well-shaken, and the clerk shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order drawn, on the jury list from which the jury is to be selected to try such case, and write the names as drawn upon two slips of paper and deliver one slip to the State's counsel and the other to the defendant or his attorney.

Rep. 452 (Ct.App.1876); *McMahon v. State,* supra.

■ Of course, the accused is not entitled to have a shuffle of all of the names of the persons summoned for jury service during the week of his trial. He is only entitled to have a shuffle of the names of those prospective jurors who make up the assigned jury panel from which will come the jury that will judge the facts of the accusation. *Gonzalez v. State,* 468 S.W.2d 85, 87 (Tex. Cr.App.1971); *Dynes v. State,* 479 S.W.2d 676 (Tex.Cr.App.1972); *Boatright v. State,* supra; *Curry v. State,* supra.

It is clear from the record of this cause that after the assigned jury panel was seated in the courtroom each appellant timely requested a shuffle, but the trial judge denied each request. The trial judge reversibly erred in refusing their requests for a shuffle.

■ The trial judge appears to have based his refusal to shuffle on the fact that before the assigned jury panel had arrived in the courtroom the names of the members of the panel had been shuffled at least once, and perhaps twice. The record also reflects that appellants and their attorneys refused to go to the location where the shuffle had taken place. We find that the trial judge implicitly held that because the appellants and their attorneys chose not to go to the location where the shuffle occurred, they waived their right to have a shuffle in the courtroom.

In *Stark v. State,* supra, this Court recently stated the following: "The statute also contemplates that court business will be conducted in the courtroom." We find that the refusal of the appellants and their counsel to agree to a shuffle held outside of the assigned courtroom does not constitute waiver. The record is clear that neither appellant nor their counsel affirmatively acquiesced or consented to any shuffle that was conducted at a location outside of the courtroom where the cases had been assigned. In fact, respective counsel expressly and specifically objected to the failure of the trial judge to order a shuffle of the names of the members of the assigned jury panel in the courtroom where the cases had been assigned. The error was timely and properly preserved. The convictions must be reversed.

Because there may be a retrial, in which both appellants may be jointly tried, and each may invoke his right to a shuffle of the names of the members of the assigned jury panel, we believe that it is necessary to point out the following.

The "jury shuffle" statute does not address itself to multiple defendants. Our research reveals that the present wording of Art. 35.11, supra, is in all things substantively worded the same way its predecessors were worded. See former Article 627, 1925 C.C.P.; Articles 645, 646, and 647, Acts August 1, 1876, Sections 21 and 22; the 1888 Edition of *Willson's Texas Criminal Statutes;* and the 1895 Edition of *White's Code of Criminal Procedure.*

■ The law formerly provided that a defendant who faced the prospect of being tried with his principal, accomplice, or accessory, if he timely and properly filed a motion to sever his cause from the other defendant, had an absolute right to a severance. See Art. 711, 1925 Code of Criminal Procedure. The trial judge had no choice about whether to grant or refuse the motion to sever, because it was reversible error to refuse a timely filed motion to sever. See, for example, *Willey v. State,* 22 Tex. App. 408, 3 S.W. 570, 22 Tex.App. 408 (1886). Today, however, because of the provisions of Art. 36.09, V.A.C.C.P., the right to a severance is an extremely limited one. The general rule now is that except in the instance where one defendant does not have any admissible prior convictions, and the other defendant does, there is no absolute right to a severance prior to trial.

■ Because of the change in the law, multi-defendant trials in state courts are no longer unusual. Although the Legislature has met many times since it enacted Art. 35.11, supra, it has not seen fit to reword the statute, to provide that if there are multi-defendants on trial each defendant is

entitled to demand a shake of the names of the members of the assigned jury panel. In a trial involving multiple defendants, our holding is not to be interpreted that the defense side of the table shall be allowed more than one shake of the names of the members of the assigned jury panel.

For the reasons stated, the judgments of convictions are reversed and remanded.

ONION, P.J., concurs.

