**Kenneth Dean ELDRIDGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-83-00172-CR.**

Court of Appeals of Texas,
Dallas.

Feb. 13, 1984.

---

William A. Bratton, Dallas, for appellant.

Henry Wade, Dist. Atty., Kathi Alyce Drew, Asst. Dist. Atty., for appellee.

Before STOREY, SPARLING and GUILLOT, JJ.

STOREY, Justice.

This is an appeal from a conviction of driving while intoxicated. Appellant contends the trial judge erred in denying appellant an opportunity to have the jury

panel shuffled pursuant to TEX.CODE CRIM.PROC.ANN. art. 35.11 (Vernon 1966). We agree and, thus, reverse and remand for a new trial.

On the day of trial, appellant filed a written Motion to Shuffle Jurors. Before the jury panel was brought into the courtroom, the following dialogue took place between the trial judge and appellant's counsel:

THE COURT: Mr. Bratton, at this time the Court will ask you if at this time, that is, the time that the Court is about to order a jury in this case, if you desire to shuffle the jurors? At this time?

MR. BRATTON: I can't answer that question at this time. I don't refuse to shuffle them now.

THE COURT: All right. That is what I want in the record. You have been given that opportunity and you have declined at this point to exercise that option.

I understand you and I have been through this before. Let me explain to you what is going to happen. You will be given a list of the jurors. It will not have any other information on it except their names.

They will be standing in the rear of the courtroom in a random manner and you will not be allowed to determine any of the pertinent information pertaining to any of the particular jurors until after the jury selection has been initiated and some of the questions have been asked on the prospective jurors.

Now, at any time that you desire to, if you want to, make a motion to shuffle, then we will indicate in the record at that point that you are making that motion. But your motion will be denied....

MR. BRATTON: ... [A]t this point, I have not seen any list of the jurors in any order whatsoever. It's my understanding that I cannot intelligently exercise a motion to shuffle until I do see the order of jurors, and I would request the Court to allow me the opportunity to see what order the jurors sit in and allow me then to properly, according to Code of Criminal Procedure and law of the State of Texas, to exercise my right to motion to shuffle. I am asking the Court at this time....

THE COURT: Your motion is at this time denied and will be for all times denied.

By this time, the jury panel had entered the rear of the courtroom and was standing in a random manner. The trial judge immediately swore the jury and asked voir dire questions of two members of the panel, thereby terminating appellant's right to shuffle. *Roberson v. State*, 582 S.W.2d 422, 423 (Tex.Cr.App.1979).

■ The only opportunity to shuffle the jury panel afforded appellant was before the jury panel entered the courtroom. A party has the right to see the jury panel seated before it demands a shuffle. *Stark v. State*, 657 S.W.2d 115, 116 (Tex.Cr.App. 1983); *Thomas v. State*, 624 S.W.2d 383, 385 (Tex.App.—Fort Worth 1981, no pet.).

In *Stark*, the Court of Criminal Appeals quoted from defense counsel's argument to the trial court as follows:

Well, my understanding of the statute is that I get a chance to look at how they're seated here before I file my Motion to Shuffle. And I'm not asking that that be filed. In fact, I'll withdraw that at this time, Your Honor, until I've had a chance to look at the panel. I think I have an opportunity to look at the panel we have here in the courtroom for this trial, and then if I want to file my Motion to Shuffle, I'm automatically entitled.

657 S.W.2d at 116. The court then stated: "Appellant's interpretation of the statute is correct." *Id.* The court did not go so far as to hold that the panel should be seated in any particular order. Similarly, our holding here is not to be understood as requiring that the panel be seated in any particular order.

■ Appellant's refusal to agree to a shuffle outside the courtroom does not constitute waiver. *Latham & Winston v. State*, 656 S.W.2d 478 (Tex.Cr.App.1983).

It is apparent from our record that the only opportunity afforded appellant to shuffle the jury panel was before the panel entered the courtroom—a practice condemned in *Stark*, 657 S.W.2d at 116.

We hold that the conduct of the trial judge in this case constitutes error. Because the statute grants each party an absolute right to shuffle, appellant need not show that he was harmed or had to take an unacceptable juror. *Smith v. State*, 648 S.W.2d 695, 696 (Tex.Cr.App. 1983).

Reversed and remanded.

SPARLING, Justice, dissenting.

I respectfully dissent.

It is settled that in the preparation of the jury list a litigant is entitled to shuffle the names of the veniremen. TEX.CODE CRIM.PROC.ANN. art. 35.11. This right extends only to the panel that is summoned to that particular case. *Gonzales v. State*, 468 S.W.2d 85, 87 (Tex.Cr.App.1971). The shuffle must occur in open court, after the litigants view the panel, *Winston v. State*, 656 S.W.2d 478 (Tex.Cr.App.1983) (not yet reported); *Stark v. State*, 657 S.W.2d 115 (Tex.Cr.App.1983), but before voir dire begins. *Alexander v. State*, 523 S.W.2d 720 (Tex.Cr.App.1975). The denial of a party's right to shuffle is reversible error even if no harm is shown. *Smith v. State*, 648 S.W.2d 695, 696 (Tex.Cr.App.1983). The issue presented here is whether a party, before requesting a shuffle, has a right to view the panel members as they would have been listed had no request been made. I would hold that he has no such right. I would therefore affirm.

Before the jury entered the courtroom, appellant made it known to the court that he would request a shuffle. The court indicated the circumstances under which the shuffle would be allowed.

The Court:

I understand you and I have been through this before. Let me explain to you what is going to happen. You will be given a list of the jurors. It will not have any other information on it except their names.

They will be standing in the rear of the courtroom in a random manner and you will not be allowed to determine any of the pertinent information pertaining to any of the particular jurors until after the jury selection has been initiated and some of the questions have been asked on the prospective jurors.

\*    \*    \*    \*    \*    \*

[Appellant's counsel]:

... I cannot intelligently exercise a motion to shuffle until I do see the order of jurors, and I would request the Court to allow me the opportunity to see what order the jurors sit in and allow me then to properly, according to Code of Criminal Procedure and law to the State of Texas, to exercise my right to motion to shuffle. I am asking the Court at this time. . . .

Shortly after the preceding dialogue, the jury panel was ushered into the courtroom and interrogated by the court while the panel was standing at the rear of the courtroom. Presumably this marked the initiation of voir dire examination. Later, the attorneys were given a jury list containing a personal history of each venireman, and the panel was seated in the order that each venireman appeared on the list.

It is apparent from the record that appellant's request for a shuffle was conditioned upon being able to associate each venireman's name with his face and his personal history. It is equally apparent that the court was attempting to limit the opportunities when the appellant could successfully request a shuffle. I would hold that it was within the court's prerogative to limit those opportunities, providing the court conformed to established law.

As noted, the party requesting the shuffle must be able to view the panel, and the request must be made before voir dire commences. The appellant was able to observe the entire panel in court; yet he failed to

request a shuffle, knowing that the court was to begin questioning the panel.[1]

There is neither precedent nor statute which requires (1) that the jury panel be seated during voir dire,[2] (2) that the veniremen be seated (or arranged) in the order that they are listed, or (3) that any personal data be received from the venireman or tendered to counsel before voir dire examination; these methods are sometimes used for the purposes of comfort, convenience and expeditiousness. Therefore, since the law does not prescribe the conduct of voir dire in the areas mentioned, we should not require the trial courts to adhere to a certain regimen to allow the appellant to use his right to shuffle "intelligently." The Court of Criminal Appeals has indicated that the decision to shuffle should be made by one who has no information regarding the individual panel members:

> The soundness of requiring such motion [to shuffle] to be made before voir dire begins is apparent. To allow either party to request a shuffle of the names of the jury panel after voir dire begins would be disruptive and unduly prolong the trial. Further, *it would permit such an election to be based upon information already elicited on voir dire. Clearly, this was not the intent of the legislature.* (Emphasis supplied)

*Alexander*, 523 S.W.2d at 721.

Further, the mere concept of using the right to shuffle "intelligently" seems to belie my view of the purpose of the shuffle—to insure a random listing—and implies a right of a litigant to rearrange the panel. Although a party is entitled to only one shuffle, *Smith v. State*, 648 S.W.2d 695, 696 (Tex.Cr.App.1983), a shuffle to rearrange the jury list may have the effect of altering the random listing of veniremen. For example, if a party had a right

to an infinite number of shuffles, in theory he could eventually have the panel listed in the exact order that he desired.

For the reasons stated, I cannot agree with the majority that the appellant was entitled to have the jury panel "seated," before exercising his right to shuffle. Accordingly, I dissent.

---

1. The majority opinion draws the interesting conclusion that appellant had no opportunity to request a shuffle during the period from the instant all the veniremen entered the courtroom until the court began its questioning. That the court conducted this type of split-second timing is neither supported by the record nor argued on appeal.

2. The majority misconstrues *Stark v. State*, 657 S.W.2d 115 (Tex.Cr.App.1983) (en banc). The court did not hold that a defendant had a right to see the panel *seated*, but rather that a defendant may view the panel before exercising his option to shuffle. To view the veniremen *standing* at the rear of the courtroom, would, in my opinion, satisfy the holding in *Stark*.