**James Curtis WILLIAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–84–00422–CR.**

Court of Appeals of Texas,
Dallas.

April 16, 1985.

---

Russ Henrichs, Dallas, for appellant.

Gilbert P. Howard, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, SPARLING and DEVANY, JJ.

SPARLING, Justice.

Appellant, James Curtis Williams, was convicted of aggravated sexual assault, sentenced to life imprisonment, and assessed a $10,000 fine. Appellant contends that (1) evidence of the victim's prior sexual conduct was excluded erroneously; (2) evidence that the victim lived with her brother was excluded erroneously; (3) the indictment was fundamentally defective in that it did not allege that the victim believed that appellant had the *present* ability to execute the threat to use force or violence; and (4) his motion to shuffle the jury panel was denied erroneously. We disagree and affirm.

### Excluded Evidence

In accordance with TEX.PENAL CODE ANN. § 22.065(b) (Vernon Supp.1985), the trial judge heard *in camera* evidence of the admissibility of the complainant's prior sexual conduct. Appellant contends that

the judge's decision to exclude the testimony denied him a fair trial. We disagree.

■■■ TEX.PENAL CODE ANN. § 22.-065(a) (Vernon Supp.1985) provides the standard of admissibility of evidence of a complainant's sexual history:

Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct may be admitted under Sections 22.-011 and 22.021 of this code only if, and only to the extent that, the judge finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

Appellant argues that the evidence was admissible on the issue of consent to sexual relations. We disagree. First, we agree with the trial judge's conclusion that evidence of the complainant's dating activity did not necessarily involve sexual relations and, consequently, was irrelevant. Second, we hold that evidence that the seventeen-year-old complainant had a baby and that she bragged about giving a man a venereal disease was not probative of consent. See Wilson v. State, 548 S.W.2d 51 (Tex.Crim. App.1977); Young v. State, 547 S.W.2d 23, 25 (Tex.Crim.App.1977); Allen v. State, 666 S.W.2d 245 (Tex.App.—Dallas 1984, pet. granted).

■■■ The "material to a fact at issue" standard evinces a legislative intent to exclude, in most instances, evidence of a victim's prior sexual conduct. Comment, Rape—Admissibility of Victim's Prior Sexual Conduct: What is the law in Texas? 31 Baylor L.Rev. 317, 320 (1979). Such evidence is only marginally relevant to the issue of consent. See United States v. Kasto, 584 F.2d 268, 271–72 (8th Cir. 1978). Isolated instances of sexual activity do not lend credence to a claim of consent. State v. Hill, 309 Minn. 206, 244 N.W.2d 728, 731 (1976), cert. denied, 429 U.S. 1065, 97 S.Ct. 794, 50 L.Ed.2d 782 (1977). The issue of prior sexual history is imbued with moral overtones, and the fact that a woman may have had sexual relations with one man does not indicate that she probably would consent to intercourse with any other man. See Berger, Man's Trial, Woman's Tribulation: Rape Cases in the Courtroom, 77 Colum.L.Rev. 1, 17 (1977). Thus, absent identity of persons and similarity of circumstances, the probative value of the evidence is minimal. See Ordover, Admissibility of Patterns of Similar Sexual Conduct: The Unlamented Death of Character for Chastity, 63 Cornell L.Rev. 90, 106 (1977).

The statute apparently was promulgated to diminish the embarrassment and humiliation suffered by rape victims and the consequential low rate of reporting the crime. See 2 D. Louisell and C. Mueller, Federal Evidence § 197 (Supp.1983). In furtherance of this goal, we hold that the evidence of the baby and the venereal disease was insufficiently similar to the circumstances of the alleged rape to require admission. Accordingly, we hold that the trial judge did not abuse his discretion in excluding the evidence.

■■■ Appellant additionally contends that the court erred by excluding the testimony of the complainant's landlady that the complainant was not living with her brother at the time of the alleged abduction and rape. The complainant testified that, during the time period of the offense, she was living with her brother. She did not testify, however, that he was present at the time of the offense. We hold that, in view of the overwhelming evidence of guilt, any error in excluding the evidence, sought to be introduced for impeachment purposes, was harmless beyond a reasonable doubt. See Sirls v. State, 511 S.W.2d 55, 57 (Tex.Crim. App.1974).

### Indictment

The indictment states, in pertinent part: James Curtis Williams, hereinafter styled Defendant, ... unlawfully, intentionally and knowingly caused the penetration of the vagina of another person ... hereinafter called the victim, who is not the spouse of the defendant, without the vic-

tim's consent ... and the defendant compelled the victim to submit and participate by threatening to use force and violence against the victim and the victim believed that the defendant had the ability to execute the threat.

Appellant argues that the indictment is fundamentally erroneous because it does not allege that he had the *present* ability to execute the threat. We disagree.

Appellant was charged with sexual assault pursuant to TEX.PENAL CODE ANN. § 22.011(a)(1)(A) (Vernon Supp.1985) which provides that "[a] person commits an offense if the person intentionally or knowingly causes the penetration of the ... vagina of another person who is not the spouse of the actor by any means, without the person's consent ..." The State relied upon the following definition of lack of consent:

A sexual assault under subsection (a)(1) of this section is without the consent of the other person if: ... the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the *present* ability to execute the threat.

TEX.PENAL CODE ANN. § 22.011(b)(2) (Vernon Supp.1985) (emphasis added).

█ Appellant did not file a motion to quash the indictment or object to the offensive portion of the charge; consequently, we may reverse for error in the charge, if any, only if it is fundamental and "so egregious and created such harm that [appellant] 'has not had a fair and impartial trial.'" *Almanza v. State*, 686 S.W.2d 157, 172 (Tex.Crim.App.1985), quoting TEX. CODE CRIM.PROC. ANN. art. 36.19 (Vernon 1981). Fundamental error in the charge is present if (1) the application paragraph authorizes conviction on a theory not alleged in the indictment; (2) the charge substitutes a theory of the offense different from the theory alleged in the indictment; (3) the charge authorizes conviction on the theory alleged in the indictment and on one or more other theories; or (4) the charge authorizes conviction for conduct which is not an offense. *Cumbie v. State*, 578 S.W.2d 732 (Tex.Crim.App.1979). Error in an indictment is reversible only if the indictment does not allege the constituent elements of the offense. *Russell v. State*, 665 S.W.2d 771, 777 (Tex.Crim.App.1983) (en banc); *Dennis v. State*, 647 S.W.2d 275, 278 (Tex.Crim.App.1983) (en banc); *Brem v. State*, 571 S.W.2d 314, 317 (Tex.Crim. App.1978); *Seaton v. State*, 564 S.W.2d 721, 726 (Tex.Crim.App.1978). *See also* TEX.CODE CRIM.PROC.ANN. art. 21.19 (Vernon 1966). Since none of these defects is present in the instant case, we need not inspect the record for actual harm. *Almanza; Davis v. State*, 28 Tex.App. 542, 13 S.W. 994, 995 (1890).

█ The indictment and the charge included all of the elements of the offense of sexual assault. Subject to rare exceptions, an indictment or charge that tracks the words of the statute is sufficient. *Lewis v. State*, 659 S.W.2d 429, 431 (Tex.Crim.App. 1983) (en banc); *Yuncevich v. State*, 626 S.W.2d 784, 785 (Tex.Crim.App.1982); *Marrs v. State*, 647 S.W.2d 286, 289 (Tex. Crim.App.1983). Both instruments specifically recited lack of consent, the essence of the offense of sexual assault. *See Moon v. State*, 607 S.W.2d 569, 570 (Tex.Crim.App. 1980); *Rubio v. State*, 607 S.W.2d 498, 500 (Tex.Crim.App.1980) (en banc). Although both instruments omitted the word "present," failure precisely to define an element of an offense is not fatal. The definition of "consent" is essentially evidentiary and, therefore, not essential to the validity of the indictment or charge. *Lewis*, 659 S.W.2d at 431; *Thomas v. State*, 621 S.W.2d 158, 161 (Tex.Crim.App.1981) (On State's motion for rehearing); *Ferguson v. State*, 622 S.W.2d 846, 850 (Tex. Crim.App.1981); *Watson v. State*, 548 S.W.2d 676, 678 (Tex.Crim.App.1977); *Baldwin v. State*, 538 S.W.2d 109, 112 (Tex.Crim.App.1976). *Cf. Hosxie v. State*, 667 S.W.2d 539 (Tex.Crim.App.1984); *McDaniel v. State*, 642 S.W.2d 785, 786 (Tex.Crim.App.1982); *Moore v. State*, 605 S.W.2d 924, 925 (Tex.Crim.App.1980). Appellant's remedy for any error was a mo-

tion to quash the indictment or an objection to the charge. *See Johnson v. State*, 623 S.W.2d 654, 655 (Tex.Crim.App.1981); *Amaya v. State*, 551 S.W.2d 385, 387 (Tex. Crim.App.1977); *Blackmon v. State*, 644 S.W.2d 12, 13 (Tex.App.—Dallas), *aff'd*, 642 S.W.2d 499 (Tex.Crim.App.1982) (en banc). Accordingly, we hold that neither the charge nor the indictment was fundamentally defective.

### Venire Shuffle

■ Under certain conditions, a defendant has an absolute statutory right to a jury shuffle. TEX.CODE CRIM.PROC. ANN. art. 35.11 (Vernon 1966); *Stark v. State*, 657 S.W.2d 115, 116 (Tex.Crim.App. 1983) (*en banc*); *Smith v. State*, 648 S.W.2d 695, 696 (Tex.Crim.App.1983) (*en banc*). Appellant contends that he erroneously was denied this right. We disagree.

Appellant is not entitled to request a shuffle after voir dire begins. *Latham v. State*, 656 S.W.2d 478, 479 (Tex.Crim.App. 1983); *Roberson v. State*, 582 S.W.2d 422, 423 (Tex.Crim.App.1979); *Alexander v. State*, 523 S.W.2d 720 (Tex.Crim.App.1975). At the time appellant moved to shuffle the panel, the venirepersons had been seated in the courtroom for approximately forty minutes listening to the judge explain general legal principles and courtroom procedure. The judge also directed the following question to the venire:

> [A]re there any of you who feel that you could not set the punishment, if you find either one or both of the defendants guilty, are there any of you who feel you could not set the punishment within the range allowed by law depending upon what you thought the proper circumstances were? If you feel you could not would you raise your hand, please?

The panel members indicated by their silence that they could consider the full range of punishment.

In *Yanez v. State*, 677 S.W.2d 62 (Tex. Crim.App.1984), the Court of Criminal Appeals stated that "[f]or purposes of Art. 35.11, we hold that the voir dire examination of the jury panel does not commence until all of the members of the jury panel have been shown to be qualified to serve as jurors in the cause and are seated in the courtroom." The court specifically disagreed with *Brown v. State*, 639 S.W.2d 505 (Tex.App.—Fort Worth 1982, writ ref'd), which held that voir dire commenced when the trial judge tested the qualifications of the prospective jurors or explained the concepts of reasonable doubt, burden of proof, indictments, and the presumption of innocence.

The instant case is distinguishable from *Brown* in that the judge's remarks were not confined to testing, in accordance with TEX.CODE CRIM.PROC.ANN. art. 35.12 (Vernon Supp.1985), the basic qualifications of the prospective jurors. The judge also directly inquired into a possible bias against the law which might subject a venireperson to a challenge for cause.

■ We do not find persuasive the concurring opinion in *Yanez* in which Judge Clinton wrote that "voir dire examination commences when counsel for the State is recognized by the judge of the trial court for the purpose of addressing a panel of prospective jurors whose qualifications have been tested satisfactorily in accordance with Article 35.12, V.A.C.C.P." *Yanez*, 677 S.W.2d at 69, 71. To mandate a shuffle after the judge begins questioning the venire on the law and facts of the case would violate the rationale of *Alexander v. State*, 523 S.W.2d 720, 721 (Tex.Crim.App. 1975):

> To allow either party to request a shuffle of the names of the jury panel after voir dire begins would be disruptive and unduly prolong the trial. Further, it would permit such an election to be based upon information already elicited on voir dire. Clearly, this was not the intent of the legislature.

Accordingly, we conclude that at the time appellants requested a shuffle, the voir dire had already begun and, consequently, that the request was not timely.

Affirmed.