James Lee BATCHELOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–87–01133–CR.

Court of Appeals of Texas, Dallas.

Aug. 18, 1988.

Rehearing Denied Oct. 3, 1988.

William A. Bratton, III, Dallas, for appellant.

Sue Korioth, Dallas, for appellee.

Before DEVANY, HOWELL and BAKER, JJ.

DEVANY, Justice.

Our opinion dated July 22, 1988 is hereby withdrawn. The following is now our opinion.

James Lee Batchelor appeals his jury conviction for driving while intoxicated. The trial court assessed punishment at confinement for 45 days in the county jail and a fine of $1,000. In a single point of error, appellant complains that the trial court improperly denied appellant the right to shuffle the venire panel in violation of TEX. CODE CRIM.PROC.ANN. art. 35.11 (Vernon 1966). Because we agree with appellant's point of error, we reverse the judgment of the trial court.

On the day of the trial, the trial court asked appellant prior to the calling of the venire panel whether a motion to shuffle would be urged. Appellant advised the court that any exercise of the right to shuffle would be urged after the prospective jurors were seated in the order in which they would be appearing in court and received from the Central Jury Room. The court then advised the appellant that he could either go to the Central Jury Room and shuffle the venire panel that was chosen without seeing the names, the order of the names, or any information about the panel, or he could waive his right to shuffle, or, if he still desired to urge the right to a jury shuffle, then only twelve prospective jurors would be ordered. These twelve prospective jurors would be in no particular order and no information regarding them would be provided. Upon being advised by

the court of its intended procedure, appellant wished to reserve his right to shuffle until an appropriate time.

Appellant objected to the summoning of only twelve prospective jurors since standard practice would be that sixteen prospective jurors would be summoned. Appellant also objected to the procedures of the court as an effort to deny or deprive appellant the right to shuffle. Appellant asserts that based upon the procedures used by the trial court, it was impossible to intelligently exercise his right to shuffle. All of appellant's objections were overruled.

The right to shuffle a venire panel pursuant to the provisions of article 35.11 of the code of criminal procedure is mandatory. *Smith v. State*, 648 S.W.2d 695, 696 (Tex.Crim.App.1983). However, the statute does not require that alternate jurors be requested by the court nor does appellant cite to any authority for this proposition. Thus, it was not error for the trial court to call only twelve prospective jurors.

A party does have the right to see the venire panel seated before it demands a shuffle. *Stark v. State*, 657 S.W.2d 115, 116 (Tex.Crim.App.1983). Appellant contends that he had the right to see the venire panel seated *in the order in which they were called* so as to intelligently exercise his right to shuffle. In *Stark*, the court of criminal appeals quoted from defense counsel's argument to the trial court as follows:

> Well, my understanding of the statute is that I get a chance to look at how they're seated here before I file my Motion to Shuffle. And I'm not asking that that be filed. In fact, I'll withdraw that at this time, Your Honor, until I've had a chance to look at the panel. I think I have an opportunity to look at the panel we have here in the courtroom for this trial, and then if I want to file my Motion to Shuffle, I'm automatically entitled.

657 S.W.2d at 116. The court of criminal appeals commented that "[a]ppellant's interpretation of the statute is correct. The

statute 'gives the defendant an absolute right to have the jury shuffled.'" 657 S.W.2d at 116. It is this commentary that indicates that the court of criminal appeals meant that the shuffle has to be a meaningful exercise of the right to shuffle under article 35.11 of the Code of Criminal Procedure. Although *Stark* involved the issue of whether a party has the right to see the venire panel seated in the courtroom before he demands a shuffle, it can reasonably be inferred from the court's commentary that the venire panel should also be seated *in order* since the only meaningful reason for actually seeing the panel seated is for the parties to see *the order* in which they are seated. We, therefore, hold that the right to see the jurors seated is meaningless unless it includes the right to see the order in which the jury is seated. To hold otherwise would in effect not allow the parties to intelligently exercise their right to shuffle since the order in which the first twelve prospective jurors are seated directly impacts the six members of the jury that are finally chosen.

We are cognizant of this Court's opinion in *Eldridge v. State*, 666 S.W.2d 357 (Tex. App.–Dallas 1984, rev. ref'd) but we do not find the language in that case to be controlling in the instant case. In *Eldridge* this Court reversed and remanded appellant's conviction because the only opportunity to shuffle the venire panel afforded appellant was before the panel entered the courtroom. In dicta, this Court stated that the Texas Court of Criminal Appeals did not go so far in *Stark* as to hold that the panel should be seated in any particular order. We agree that the court of criminal appeals did not explicitly state that the venire panel had to be seated *in order*, but, for the reasons stated above, we infer from the holding in *Stark* that the only reason for seating the venire panel in the courtroom is for the parties to see them in the order in which the jurors are called; only then are the parties able to determine if they desire to exercise their right to shuffle.

In this case, although appellant was given an opportunity to see the venire panel before he demanded a shuffle, he was denied an opportunity to see the panel in the

order in which they were to be called to the jury box. We hold that the conduct of the trial judge in this case constitutes error. Because the statute grants each party an absolute right to shuffle, appellant need not show that he was harmed or had to take an unacceptable juror. *Smith v. State*, 648 S.W.2d at 696. Accordingly, we reverse and remand.