Lee Alton JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–89–177–CR.

Court of Appeals of Texas, Waco.

Feb. 7, 1991.

Discretionary Review Granted June 12, 1991.

Charles W. McDonald, Waco, for appellant.

Robert W. Gage, County Atty., Fairfield, for appellee.

Before THOMAS, C.J., McDONALD, C.J. (Retired), and JAMES, J. (Retired).

## OPINION

THOMAS, Chief Justice.

A jury found Appellant guilty of cattle theft and assessed his punishment at six years in prison. The court refused to "shuffle" the jury panel at Appellant's request after the panel had been shuffled at the request of the State. *See* TEX.CODE CRIM.PROC.ANN. art. 35.11 (Vernon 1989). Appellant contends the court erred when it refused his request. The judgment will be reversed and the cause remanded for a new trial.

Article 35.11 of the Code of Criminal Procedure requires the trial judge, "upon the demand of the defendant or his attorney, or of the State's counsel," to shuffle the names of the members of the general jury panel assigned to the case. *Id.* The defendant's right to a shuffle has been described as "absolute." *Stark v. State,* 657 S.W.2d 115, 116 (Tex.Crim.App.1983).

A question yet to be clearly answered by the Court of Criminal Appeals is whether the state can cut off the defendant's right to a shuffle by having the jury panel shuffled in court at its own request.

The Austin Court of Appeals interpreted article 35.11 as requiring only one shuffle and ruled that the defendant lost his right to a shuffle if the panel had been shuffled at the state's request. *Stark v. State,* 643 S.W.2d 187, 189 (Tex.App.—Austin 1982), *rev'd,* 657 S.W.2d 115 (Tex.Crim.App.1983). The Court of Criminal Appeals, however, granted discretionary review in *Stark* to decide whether article 35.11: (1) "contemplates only one shuffle of the jury panel, be it at the request of the State or at the request of one or more of the defendants"; and (2) "dictates the location where the shuffle of the panel members must be conducted." *Stark,* 657 S.W.2d at 116. The Court reversed the judgment and remanded the cause in a brief *en banc* opinion with the following ruling: "Appellant's interpretation of the statute is correct. The statute 'gives the defendant an absolute right to have the jury shuffled.' *Smith v. State,* 648 S.W.2d 695 (Tex.Cr.App.1983). The statute also contemplates that court business will be conducted in the courtroom." *Id.* The Court of Criminal Appeals has cited its decision in *Stark* in several cases, as have various courts of appeal, but, until recently, *Stark* had been cited as authority only on points other than whether the defendant's right under article 35.11 can be affected by granting the state's motion to shuffle.[1]

The First Court of Appeals in Houston recently interpreted the Court of Criminal Appeals' opinion in *Stark* as holding that a

---

1. *Harris v. State,* 790 S.W.2d 568, 590 (Tex.Crim. App.1989) (dissenting opinion); *Rector v. State,* 738 S.W.2d 235, 248–49 (Tex.Crim.App.1986); *Mays v. State,* 726 S.W.2d 937, 947 (Tex.Crim. App.1986); *Williams v. State,* 719 S.W.2d 573, 575–76 (Tex.Crim.App.1986); *Sewell v. State,* 696 S.W.2d 559, 561 n. 1 (Tex.Crim.App. [Panel Op.] 1985) (on rehearing); *Wilkerson v. State,* 681 S.W.2d 29, 30 (Tex.Crim.App.1984); *Hall v. State,* 661 S.W.2d 113, 115 (Tex.Crim.App.1983); *Reed v. State,* 767 S.W.2d 293, 294 (Tex.App.— Fort Worth 1989, no pet.); *Batchelor v. State,* 757 S.W.2d 455, 456–57 (Tex.App.—Dallas 1988,

pet.ref'd); *Nicholson v. State,* 738 S.W.2d 59, 60 (Tex.App.—Houston [1st Dist.] 1987, no pet.); *Kirby v. State,* 713 S.W.2d 221, 223 (Tex.App.— El Paso 1986, no pet.); *Williams v. State,* 690 S.W.2d 656, 660 (Tex.App.—Dallas 1985), *rev'd,* 719 S.W.2d 573 (Tex.Crim.App.1986); *Beier v. State,* 681 S.W.2d 124, 128 (Tex.App.—Houston [14th Dist.] 1984), *rev'd,* 687 S.W.2d 2 (Tex. Crim.App.1985); *Yanez v. State,* 679 S.W.2d 20, 21 (Tex.App.—Eastland 1983, no pet.) (on rehearing); *Eldridge v. State,* 666 S.W.2d 357, 358–59 (Tex.App.—Dallas 1984, pet.ref'd).

**844**

defendant's right to a shuffle cannot be denied just because a shuffle has already occurred at the state's request. *Urbano v. State*, 760 S.W.2d 33, 35–36 (Tex.App.—Houston [1st Dist.] 1988, pet.ref'd) (holding that "even if the State has requested and received a shuffle, with which it is satisfied, the defendant still is statutorily entitled to a shuffle").

 The San Antonio Court of Appeals, without citing the holding in *Stark*, has ruled:

> [Article 35.11] mandates one shuffle based upon the timely request of one of the three listed qualified movants, or it may be based upon separate timely requests of two or three of them. We hold the trial court did not err in denying appellant's motion to shuffle in this case because the jury panel had been shuffled on the timely request of the State's counsel.

*Contreras v. State*, 733 S.W.2d 646, 648 (Tex.App.—San Antonio 1987, pet.ref'd). The Court of Criminal Appeals refused discretionary review in *Contreras*. Except in *Urbano*, no court of appeals has cited that lower court's holding. Refusing discretionary review did not confer any precedential authority on *Contreras*. *Sheffield v. State*, 650 S.W.2d 813, 814 (Tex.Crim.App. 1983).

We interpret the opinion of the Court of Criminal Appeals in *Stark* as answering the two questions on which discretionary review was granted: (1) does article 35.11 contemplate only one shuffle among the parties named in the statute; and (2) where must the shuffle take place. *See Stark*, 657 S.W.2d at 116. It ruled, although implicitly, that the defendant's right to a shuffle cannot be interdicted by previously shuffling the jury at the state's request, whether inside or outside the courtroom, and expressly held that article 35.11 contemplates that "court business will be conducted in the courtroom." *Id.* Therefore, this court will follow the Court of Criminal Appeals' holding in *Stark* and the decision in *Urbano*, not the holding in *Contreras*.

 The State argues that Appellant waived his right to request a shuffle when he saw the jurors seated in order and informed the court that he did not want the panel shuffled. Subsequently, the panel was shuffled at the State's request and Appellant then requested another shuffle. Appellant's request was timely because it was made prior to the beginning of voir dire. *See Williams v. State*, 719 S.W.2d 573, 575 (Tex.Crim.App.1986).

 Appellant's right to a shuffle was not affected by the court's having previously shuffled the jury panel at the State's request nor by his initial statement that he did not want the panel shuffled. *See Stark*, 657 S.W.2d at 116; *Urbano*, 760 S.W.2d at 35–36. Thus, the court erred when it refused to shuffle the panel at Appellant's request. Point one is sustained and the remaining points are not reached. The judgment is reversed and the cause remanded for a new trial.