**Lee Aulton JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 349–91.**

Court of Criminal Appeals of Texas, En Banc.

June 24, 1992.

Charles W. McDonald, Waco, for appellant.

Robert W. Gage, Dist. Atty., Fairfield, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted by a jury of cattle theft. Tex.Penal Code § 31.-03(e)(4)(A). The jury then sentenced appel-

lant to six years confinement in the Texas Department of Criminal Justice. The Waco Court of Appeals reversed appellant's conviction and remanded the case for a new trial. *Jones v. State*, 805 S.W.2d 842 (Tex. App.—Waco 1991). We granted the State's petition for discretionary review, pursuant to Tex.R.App.Pro. 200(c)(1) and (2), to resolve whether a defendant has the right to shuffle the jury after the State's request for a shuffle has been granted when, prior to the State's request, the defendant declined to shuffle the jury, after first being given an opportunity to view the panel seated in order and confer with his attorney. We will reverse.

The record reflects that, after the jury panel was qualified, exempted and sworn and after the parties examined the panel in numerical order, appellant was afforded the opportunity to shuffle the jury panel Appellant declined. Subsequently, the State requested that the panel be shuffled and the trial court granted this request, pursuant to Article 35.11 of the Texas Code of Criminal Procedure.[1] After the first shuffle was accomplished but prior to the State's voir dire, appellant requested orally and by written motion that the jury panel be reshuffled. After hearing arguments from counsel, the trial court denied appellant's motion, and voir dire by the State commenced.

On direct appeal, the Waco Court of Appeals, citing *Stark v. State*, 657 S.W.2d 115, 116 (Tex.Cr.App.1983), held that the defendant's right to a shuffle of the jury panel is absolute, if timely made. *Jones v. State*, 805 S.W.2d at 843. The court of appeals then determined that appellant's request was timely because it was made prior to the beginning of voir dire. *Williams v. State*, 719 S.W.2d 573, 575 (Tex.Cr.App.1986). Id. at 844. The court of ˙appeals also interpreted *Stark* as

"rul[ing], although implicitly, that the defendant's right to a shuffle cannot be interdicted by previously shuffling the jury at the state's request[.]" Id. Thus, the court of appeals held: "Appellant's right to a shuffle was not affected by the court's having previously shuffled the jury panel at the State's request nor by his initial statement that he did not want the panel shuffled. Id.

On petition to this Court, the State argues that the court of appeals erred in its interpretation of Article 35.11: The State relies on the court of appeals decision in *Contreras v. State*, 733 S.W.2d 646 (Tex. App.—San Antonio 1987, pet. ref'd), which held that Article 35.11 contemplates only one shuffle of the jury panel, whether requested by the State or by the defendant. The State argues that *Stark* is distinguishable because the "main thrust" of that opinion was the condemnation of the practice of shuffling the panel in all jury cases without affording the defendants the opportunity to first inspect the panel. Appellant counters that the right to shuffle the panel is absolute and unqualified, irrespective of whether or not the State has already shuffled the panel, and cites this Court to *Urbano v. State*, 760 S.W.2d 33 (Tex.App.—Houston [14th] 1988, pet. ref'd) and *Cook v. State*, 629 S.W.2d 233 (Tex.Cr. App.1982). We now turn to the merits of the State's ground for review.

We have held many times that a defendant has the absolute right to a shuffle of the jury panel, pursuant to Article 35.11. See, e.g., *Williams v. State*, 719 S.W.2d 573, 575 (Tex.Cr.App.1986); *Yanez v. State*, 677 S.W.2d 62 (Tex.Cr.App.1984); *Sewell v. State*, 696 S.W.2d 559, 560 (Tex. Cr.App.1983). Refusal of the trial judge to comply with a defendant's timely request for a shuffle constitutes reversible ·error, and an aggrieved defendant need make no

---

1. Tex.Code Crim.Proc. art. 35.11 provides:

The trial judge, upon the demand of the defendant or his attorney, or of the State's counsel, shall cause the names of all the members of the general panel drawn or assigned as jurors in such case to be placed in a receptacle and well-shaken, and the clerk shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order drawn, on the jury list from which the jury is to be selected to try such case, and write the names as drawn upon two slips of paper and deliver one slip to the State's counsel and the other to the defendant or his attorney.

showing of harm. *Wilkerson v. State*, 681 S.W.2d 29 (Tex.Cr.App.1984).

However, the fact that a defendant has the "absolute right" to a jury shuffle upon timely request does not necessarily require that such shuffle be accomplished, and the right therefore satisfied, only at the direction of the defendant. Indeed, the plain language of Article 35.11 suggests otherwise: "The trial judge, upon the demand of the defendant or his attorney, *or of the State's counsel,* shall" cause the jury panel to be shuffled.

Appellant argues that this Court's opinion in *Stark v. State*, 657 S.W.2d 115 (Tex. Cr.App.1983), stands for the proposition that the defendant has the absolute right, upon timely motion, to reshuffle the panel after the State has already shuffled. We disagree with appellant's interpretation of *Stark.* The primary import of *Stark* was to decry the peculiar method used in that case to shuffle the jury panel, at the State's request, outside the courtroom without affording the defendant the oppor-

tunity to either view the panel prior to the shuffle or himself shuffle later.[2] We do not construe *Stark* as giving a defendant the right, in all cases and under any circumstances, to reshuffle after the State has requested and obtained a shuffle under Article 35.11.

Indeed, this Court has recently indicated that Article 35.11 is satisfied upon a shuffling of the panel at the request of either the State or the defendant:

> In interpreting Article 35.11, we have determined that compliance with that statute is had when counsel for either the State *or* the defendant is allowed the opportunity to view the venire seated in the courtroom in proper sequence and is thereafter allowed an opportunity to exercise his or her option to have the names shuffled.

*Davis v. State*, 782 S.W.2d 211 (Tex.Cr. App.1989). Moreover, this interpretation of Article 35.11 is consistent with the purpose of that statute, which is to ensure the compilation of a random list of jurors.[3]

**2.** Because both parties in this case rely heavily on this Court's decision in *Stark,* and because it is relatively brief, we set forth that opinion in its entirety:

> We granted appellant's petition for discretionary review in order to review the holding of the Austin Court of Appeals that Article 35.11, V.A.A.C.P. "contemplates only one shuffle of the jury panel, be it at the request of the State or at the request of one or more of the defendants," and that there is nothing in the statute "which dictates the location of where the shuffle of the panel must be conducted." Appellant attacks the peculiar practice of conducting the final shuffle of the jury panel outside the courtroom at the request of the State before the defense has ever laid eyes on them.
>
> The practice here decried, and appellant's objection to it, clearly appear in the record:
> THE COURT: Here's what we do. They shuffle them at the request of the District Attorney's Office, which they wrote a letter to the District Clerk saying that after the jury was qualified, that then any juror sitting in criminal cases would be shuffled before sending them up here. That probably complies with the statute.
> My only question is if you want them shuffled again, I'll do it, but I want to know in advance before they type up their list.
> MR SHEPPARD [Defense Counsel]: Okay. Well, my understanding of the statute is that I get a chance to look at how they're seated

here before I file my Motion to Shuffle. And I'm not asking that that be filed. In fact, I'll withdraw that at this time, Your Honor, until I've had a chance to look at the panel. I think I have an opportunity to look at the panel we have here in the courtroom for this trial, and then if I want to file my Motion to Shuffle, I'm automatically entitled.

> Appellant's interpretation of the statute is correct. The statute "gives the defendant an absolute right to have the jury shuffled." *Smith v. State*, 648 S.W.2d 695 (Tex.Cr.App.1983). The statute also contemplates that court business will be conducted in the courtroom.
>
> Accordingly, the judgment of the Austin Court of Appeals is reversed and the cause remanded to the trial court.
> *Stark v. State*, 657 S.W.2d 115 (Tex.Cr.App.1983) (footnotes omitted).

**3.** In his brief to this Court, appellant argues that the right to shuffle is *"personal to the defendant* [and] cannot be taken away simply by the state's requesting a shuffle." (Emphasis in original). As just stated, the statute is designed to ensure randomness in juror selection—not to accord a defendant with a particularized right to personally cause the panel to be shuffled. See, e.g., *Yanez v. State*, 677 S.W.2d 62, 68 (Tex.Cr.App. 1984) (Right to shuffle is not of constitutional magnitude). Thus, to the extent that appellant suggests this so-called "personal right" means that only a shuffle by the defendant can satisfy Article 35.11, we disagree. See *Latham v. State*,

See *Rivas v. Mutual Ins. Co.*, 480 S.W.2d 610 (Tex.1972), cited in *Stark v. State*, 643 S.W.2d 187 (Tex.App.—Austin 1982), rev'd on other grounds, *Stark v. State*, 657 S.W.2d 115 (Tex.Cr.App.1983).

■ In sum, we reiterate that Article 35.11 does provide that a defendant is guaranteed that the jury panel will be shuffled once, at either his request or the State's. It does not mandate, however, that a defendant be allowed to reshuffle the panel after the State has caused the panel to be shuffled, absent some misconduct in the State's shuffle as was evident in *Stark.*[4] Thus, we hold that there is no "absolute right" to shuffle the jury panel in circumstances such as those extant in this case, where appellant had the opportunity to view the original panel, declined to exercise his right to shuffle, and the shuffle at the State's

request was done in the courtroom.[5] To hold otherwise would be contrary to the plain language and clear purpose of Article 35.11. Based on the foregoing, we hold that the trial court did not err in denying appellant's motion to reshuffle the jury panel.

Accordingly, the judgment of the court of appeals is reversed, and the judgment of the trial court is affirmed.

656 S.W.2d 478, 480–81 (Tex.Cr.App.1983) (Holding that the statute did not confer the right to shuffle on each defendant in cases involving multiple defendants).

**4.** To avoid future confusion, we also note that there appears, from the cases cited by both parties, some ambiguity as to the meaning of the word "reshuffled" as used by this Court in the context of a defendant's absolute right to have the jury panel "reshuffled." There are at least two situations, in which this Court has declared that a defendant has the right to have the jury panel reshuffled, both of which are distinguishable from the case at bar. The first situation is that discussed in footnote 5, infra, i.e., a defendant has the absolute right to have a "reshuffle" if the original shuffle was caused by someone other than the State, such as the trial judge or other court personnel. See, e.g., *Smith v. State*, 648 S.W.2d at 696.

The other situation has arisen when the term "reshuffle" has been used somewhat loosely to describe what is, in actuality, the first "shuffle" as contemplated by Article 35.11. For example, in *Davis v. State*, 573 S.W.2d 780 (Tex.Cr.App. 1978) (emphasis supplied), this Court held that "Under Art. 35.11, supra, the appellant had an absolute right to have the jury *re-shuffled* on demand." However, an examination of the facts of that case reveal that, after the jury panel had been *drawn* pursuant to Article 33.09, the defendant simply requested a first *shuffle* under Article 35.11. In *Davis,* the term "reshuffle" was used interchangeably with the term "redrawn." Nothing in *Davis* suggests that the panel had previously been shuffled by either the State or the trial judge; rather, the trial judge, for whatever reason, simply denied appellant the right to have his statutorily authorized shuffle. Analogous situations may be found in

*Como v. State,* 557 S.W.2d 93 (Tex.Cr.App.1977); *Alexander v. State,* 523 S.W.2d 720 (Tex.Cr.App. 1975); *Woerner v. State,* 523 S.W.2d 717 (Tex. Cr.App.1975).

It should be apparent, then, that when subsequent cases cite *Davis, Como,* etc., for the proposition that a defendant has the absolute right to have the jury panel "reshuffled," this merely stands for the self-evident proposition that the defendant has the right to have the panel "redrawn" or "shuffled" as otherwise contemplated by Article 35.11. See, e.g., *Williams v. State,* 719 S.W.2d 573 (Tex.Cr.App.1986) (emphasis supplied) (It has been said that a defendant has an absolute right to have the jury panel *reshuffled* on demand."); *Smith v. State,* 648 S.W.2d 695, 696 (Tex.Cr.App.1983) (emphasis supplied) ("Under this statute, a defendant or the state is entitled, upon demand, to have the jury panel *reshuffled.*).

**5.** We distinguish the line of cases cited by appellant and the State, in which this Court has held that a trial judge errs in refusing a defendant's timely request for a shuffle, because of the fact that the trial judge (or other court personnel) has already sua sponte shuffled the panel. See *Sewell v. State,* 696 S.W.2d 559 (Tex.Cr.App. 1983); *Wilkerson v. State,* 681 S.W.2d 29 (Tex. Cr.App.1984); *Yanez v. State,* 677 S.W.2d 62 (Tex.Cr.App.1984); *Latham v. State,* 656 S.W.2d 478 (Tex.Cr.App.1983); *Smith v. State,* 648 S.W.2d 695 (Tex.Cr.App.1983). Shuffles by trial judges and court personnel are not within the express terms of Article 35.11, which limits the right to shuffle to the defendant, his attorney, or the State. Consequently, those cases are inapposite to resolving the issue now before us: whether a shuffle by the State, which *is* expressly prescribed by Article 35.11, satisfies the statute.