NO. 07-03-0212-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 3, 2004


______________________________



DALE EUGENE CARLTON, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



Memorandum Opinion


_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF MONTGOMERY COUNTY;



NO. 01-168837; HON. DENNIS WATSON, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Dale Eugene Carlton appeals his conviction for possessing marijuana in
an amount of two ounces or less. Through four issues, he asserts the trial court erred in
1) "allowing an 'expert' to testify that was not properly qualified by the State," 2) " allowing
an expert to testify regarding the laboratory drug test performed by another individual," 3)
"not submitting the probable cause issue to the jury," and 4) "disallowing [his] motion for a
jury shuffle." We affirm the judgment.

Background


 On January 24, 2001, Deputy Michael Landrum stopped a vehicle driven by James
Riley because he was not wearing a seat belt. The deputy then learned of an outstanding
warrant on Riley and took him into custody. Riley asked that his vehicle be released to
appellant, who was a passenger in the front seat. Before doing so, the deputy ran a check
to determine whether appellant had a valid driver's license. The information received in
response, however, indicated that appellant had outstanding warrants for his arrest. The
officer decided to arrest appellant and asked him to exit the vehicle. As he did, appellant
removed a black leather jacket and left it inside the vehicle. 

 Because there was no one else to whom the vehicle could be released, an inventory
search of the automobile was conducted prior to impoundment. Inside it, the odor of
marijuana was detected. Moreover, a search of the black leather jacket uncovered three
cigarette packs. "One was a full light Marlboro 100 pack that actually had normal cigarettes
in it, there was a Marlboro 100 cigarettes that had marijuana in it and a Marlboro reds or
shorts package with roaches in it," said the deputy. The latter also testified that appellant
asked what was to become of the marijuana. The deputy replied: "[r]eally, I don't know .
. . [t]here's probably going to be an issue for you and the driver since nobody confessed
to it." At that point, appellant stated that "the marijuana was his." 

Issues One and Two - Supervisor's Testimony Identifying Substance


 Through his first two issues, appellant contends the trial court erred in admitting the
testimony of Severo Lopez, Jr., (a Department of Public Safety laboratory supervisor) that
the substance recovered from the leather jacket was marijuana. This was purportedly error
because the State failed to qualify Lopez as an expert or establish the qualifications of the
individual who actually conducted the tests. We overrule the issues. 

 As stated in Ethington v. State, 819 S.W.2d 854 (Tex. Crim. App. 1991), error in the
admission of evidence is cured where the same evidence comes in elsewhere without
objection. Id. at 858. This rule applies here. Deputy Landrum testified that the substance
he found was marijuana long before Lopez was called as a witness. Moreover, he did so
without objection from appellant. Thus, any supposed error arising from Lopez'
identification of the drug was cured by that of Landrum's. 

Issue Three - Probable Cause Issue


 Appellant next asserts that the trial court erred in denying his request for a jury
instruction founded upon art. 38.23 of the Texas Code of Criminal Procedure. (2) We overrule
the issue.

 It is clear that a trial court is required to include an art. 38.23 instruction in its jury
charge "only if there is a factual dispute as to how the evidence was obtained." Wesbrook
v. State, 29 S.W.3d 103, 121 (Tex. Crim. App. 2000), cert. denied, 532 U.S. 944, 121 S.Ct.
1407, 149 L.Ed.2d 349 (2001). Appellant does not argue that a dispute existed regarding
the facts surrounding his arrest or the discovery of the marijuana. Nor does he cite us to
evidence of record creating any such factual dispute. Instead, he simply questions whether
the evidence offered by the State was enough to illustrate probable cause. That was an
issue of law for the trial court, not the jury, to decide. See id. (holding that the refusal to
submit an art. 38.23 instruction was not error since the only determination to be made was
of a legal, not factual, nature). Thus, the trial court did not err in refusing to submit the
instruction.

Issue Four - Jury Shuffle


 In his final issue, appellant contends that the trial court erred in denying his request
to reshuffle the jury once it had already been shuffled. We overrule the issue.

 Either party may request a shuffle, and absent a showing of misconduct, only one
shuffle is authorized. Chappell v. State, 850 S.W.2d 508, 511 (Tex. Crim. App. 1993);
Jones v. State, 833 S.W.2d 146, 149 (Tex. Crim. App. 1992). Here, appellant argues that
"if the 'randomness' of the jury cannot be accomplished by the initial random selection of
the jury, that 'randomness' cannot statutorily be accomplished by allowing only one party
a jury shuffle." Assuming arguendo that such a proposition falls within the ambit of
misconduct, appellant cites us to nothing of record illustrating that the original shuffle failed
to achieve the requisite "'randomness.'" Nor does he attempt to explain how
"'randomness'" was not achieved via the first shuffle. Indeed, he does not even argue that
the requisite "'randomness'" was absent here. Accordingly, his purported attempt to satisfy
the dictates of Chappell comes up short.

 As to the contention that both the United States and Texas Constitutions mandate
that a defendant be afforded a right to a reshuffle, this theory was omitted from appellant's
objection below. Thus, it was not preserved for review. See Bell v. State, 938 S.W.2d 35,
54-55 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 827, 118 S.Ct. 90, 139 L.Ed.2d 46
(1997) (stating that an objection stating one legal basis may not be used to support a
different legal theory on appeal). Nor does appellant provide authority or analysis to
support it. Thus, he also failed to adequately brief, and thereby waived, the issue. Jackson
v. State, 50 S.W.3d 579, 591 (Tex. App.--Fort Worth 2001, pet. ref'd) (holding the
defendant waived his right to complain on appeal by failing to present any argument or
authority supporting his point of error). 

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004). 
2. Article 38.23 states that: 


 (a) No evidence obtained by an officer or other person in violation of any provisions of the
Constitution or laws of the State of Texas, or of the Constitution or laws of the United States
of America, shall be admitted in evidence against the accused on the trial of any criminal
case.


 In any case where the legal evidence raises an issue hereunder, the jury shall be instructed
that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of
the provisions of this Article, then and in such event, the jury shall disregard any such
evidence so obtained.


Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon Supp. 2004).



;                     Chief Justice
 
Do not publish.