NO. 07-03-0212-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 3, 2004

_____

DALE EUGENE CARLTON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

***Memorandum Opinion***

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF MONTGOMERY COUNTY;

NO. 01-168837; HON. DENNIS WATSON, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Dale Eugene Carlton appeals his conviction for possessing marijuana in an amount of two ounces or less. Through four issues, he asserts the trial court erred in 1) "allowing an 'expert' to testify that was not properly qualified by the State," 2) " allowing an expert to testify regarding the laboratory drug test performed by another individual," 3)

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

"not submitting the probable cause issue to the jury," and 4) "disallowing [his] motion for a jury shuffle." We affirm the judgment.

## *Background*

On January 24, 2001, Deputy Michael Landrum stopped a vehicle driven by James Riley because he was not wearing a seat belt. The deputy then learned of an outstanding warrant on Riley and took him into custody. Riley asked that his vehicle be released to appellant, who was a passenger in the front seat. Before doing so, the deputy ran a check to determine whether appellant had a valid driver's license. The information received in response, however, indicated that appellant had outstanding warrants for his arrest. The officer decided to arrest appellant and asked him to exit the vehicle. As he did, appellant removed a black leather jacket and left it inside the vehicle.

Because there was no one else to whom the vehicle could be released, an inventory search of the automobile was conducted prior to impoundment. Inside it, the odor of marijuana was detected. Moreover, a search of the black leather jacket uncovered three cigarette packs. "One was a full light Marlboro 100 pack that actually had normal cigarettes in it, there was a Marlboro 100 cigarettes that had marijuana in it and a Marlboro reds or shorts package with roaches in it," said the deputy. The latter also testified that appellant asked what was to become of the marijuana. The deputy replied: "[r]eally, I don't know . . . [t]here's probably going to be an issue for you and the driver since nobody confessed to it." At that point, appellant stated that "the marijuana was his."

## *Issues One and Two - Supervisor's Testimony Identifying Substance*

Through his first two issues, appellant contends the trial court erred in admitting the testimony of Severo Lopez, Jr., (a Department of Public Safety laboratory supervisor) that

2

the substance recovered from the leather jacket was marijuana. This was purportedly error because the State failed to qualify Lopez as an expert or establish the qualifications of the individual who actually conducted the tests. We overrule the issues.

As stated in *Ethington v. State*, 819 S.W.2d 854 (Tex. Crim. App. 1991), error in the admission of evidence is cured where the same evidence comes in elsewhere without objection. *Id.* at 858. This rule applies here. Deputy Landrum testified that the substance he found was marijuana long before Lopez was called as a witness. Moreover, he did so without objection from appellant. Thus, any supposed error arising from Lopez' identification of the drug was cured by that of Landrum's.

### Issue Three - Probable Cause Issue

Appellant next asserts that the trial court erred in denying his request for a jury instruction founded upon art. 38.23 of the Texas Code of Criminal Procedure.[2] We overrule the issue.

It is clear that a trial court is required to include an art. 38.23 instruction in its jury charge "only if there is a factual dispute as to how the evidence was obtained." *Wesbrook v. State,* 29 S.W.3d 103, 121 (Tex. Crim. App. 2000), *cert. denied,* 532 U.S. 944, 121 S.Ct.

---

[2]Article 38.23 states that:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon Supp. 2004).

3

1407, 149 L.Ed.2d 349 (2001). Appellant does not argue that a dispute existed regarding the facts surrounding his arrest or the discovery of the marijuana. Nor does he cite us to evidence of record creating any such factual dispute. Instead, he simply questions whether the evidence offered by the State was enough to illustrate probable cause. That was an issue of law for the trial court, not the jury, to decide. *See id.* (holding that the refusal to submit an art. 38.23 instruction was not error since the only determination to be made was of a legal, not factual, nature). Thus, the trial court did not err in refusing to submit the instruction.

### Issue Four - Jury Shuffle

In his final issue, appellant contends that the trial court erred in denying his request to reshuffle the jury once it had already been shuffled. We overrule the issue.

Either party may request a shuffle, and absent a showing of misconduct, only one shuffle is authorized. *Chappell v. State,* 850 S.W.2d 508, 511 (Tex. Crim. App. 1993); *Jones v. State,* 833 S.W.2d 146, 149 (Tex. Crim. App. 1992). Here, appellant argues that "if the 'randomness' of the jury cannot be accomplished by the initial random selection of the jury, that 'randomness' cannot statutorily be accomplished by allowing only one party a jury shuffle." Assuming *arguendo* that such a proposition falls within the ambit of misconduct, appellant cites us to nothing of record illustrating that the original shuffle failed to achieve the requisite "'randomness.'" Nor does he attempt to explain how "'randomness'" was not achieved via the first shuffle. Indeed, he does not even argue that the requisite "'randomness'" was absent here. Accordingly, his purported attempt to satisfy the dictates of *Chappell* comes up short.

4

As to the contention that both the United States and Texas Constitutions mandate that a defendant be afforded a right to a reshuffle, this theory was omitted from appellant's objection below. Thus, it was not preserved for review. *See Bell v. State*, 938 S.W.2d 35, 54-55 (Tex. Crim. App. 1996), *cert. denied,* 522 U.S. 827, 118 S.Ct. 90, 139 L.Ed.2d 46 (1997) (stating that an objection stating one legal basis may not be used to support a different legal theory on appeal). Nor does appellant provide authority or analysis to support it. Thus, he also failed to adequately brief, and thereby waived, the issue. *Jackson v. State,* 50 S.W.3d 579, 591 (Tex. App.--Fort Worth 2001, pet. ref'd) (holding the defendant waived his right to complain on appeal by failing to present any argument or authority supporting his point of error).

Accordingly, the judgment of the trial court is affirmed.

Brian Quinn
Justice

Do not publish.

5