**Billy Ray McDANIEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62875.**

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 10, 1982.

Rehearing Denied Jan. 5, 1983.

Michael L. Graham, Nacogdoches, for appellant.

Herbert B. Hancock, Dist. Atty., Martha J. Sullivan, Asst. Dist. Atty., Nacogdoches, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W.C. DAVIS, JJ.

OPINION

ROBERTS, Judge.

This appeal is from a conviction of aggravated rape. The jury found the appellant guilty, and, after finding that the single enhancement paragraph was true, assessed punishment at confinement for life.

In his first ground of error, the appellant contends that the indictment is fundamentally defective because it fails to allege that a threat of serious bodily injury was to be *imminently* inflicted. The indictment alleges that the appellant:

"... did then and there knowingly and intentionally by threats and force, and without her consent, have sexual intercourse with P_____ S_____, a female who was not his wife and the defendant compelled submission to said rape by threats of serious bodily injury to be inflicted on the said P_____ S_____...."

At the time of the instant offense, aggravated rape under V.T.C.A., Penal Code, Section 21.03(a)(2) was defined in the following manner:

"(a) A person commits an offense if he commits rape as defined in Section 21.02 of this code or rape of a child as defined in Section 21.09 of this code and he:

\*      \*      \*      \*      \*      \*

(2) compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone." [1]

In *Moore v. State,* 605 S.W.2d 924 (Tex. Cr.App.1980), this court held that an indictment for aggravated sexual abuse was fundamentally defective for failure to allege that the threatened harm was to be imminently inflicted. In that case, the court stated:

"The statute states that the threat must provide for the imminent infliction of death, serious bodily injury, or kidnapping. Just as the indictment must allege that the threat was of death, serious bodily injury or kidnapping, so must the indictment allege the threat was of imminent harm. Anything less would not allege all the elements of the offense of aggravated sexual abuse.

"The language of this statute tracks the language of V.T.C.A. Penal Code, Sec. 21.03 which outlines the offense of aggravated rape. See also V.T.C.A. Penal Code, Sections 22.01(a)(2), and 29.02(a)(2). In the practice commentary to Section 21.03, it is noted that the threatened harm must be 'imminent' and 'hence a threat to harm someone at an indeterminate time in the future does not aggra-

vate.' This Court in *Blount v. State,* 542 S.W.2d 164 (Tex.Cr.App.1976), reversed an aggravated rape conviction because the aggravation element was not established by the evidence. The threat involved was held to be conditional and to take place at some time in the future and therefore not 'imminent.'

"In the case at bar the indictment alleges only that a threat was made. It completely fails to allege that the threatened harm was to take place very shortly upon failure by the complainant to submit to the appellant's demands. Such imminent infliction of harm cannot be inferred from the allegations in the indictment. Nor does the indictment allege that a deadly weapon was displayed so as to constitute a threat of imminent harm. See *Robinson v. State,* 596 S.W.2d 130, 133 (Tex.Cr.App.1980), footnote 7. Therefore, we conclude that the indictment in Cause No. 58,884 is fatally defective for its failure to allege 'imminent' harm; the judgment is reversed."

As the court held in *Moore,* the aggravating elements contained in the statute which defined aggravated sexual abuse were the same as those contained in the statute which defined aggravated rape at the time this offense was committed. For the same reasons as those set forth in *Moore,* quoted above, we hold that the indictment in the present case is fundamentally defective for failure to allege that the threatened harm was to be imminently inflicted.

■ In his second ground of error, the appellant contends that the evidence is insufficient. Specifically, he alleges that the evidence failed to show that the rape was compelled by threat of death or serious bodily injury. The prosecutrix testified that the appellant entered the t-shirt store where she was employed. He ordered two t-shirts which required her to apply iron-on transfers to them. As she was completing the second shirt, the appellant hit her in the head with his fist. He then pulled out a knife and said, "Just sit there or I'll kill

1. The statute was amended by Acts 1981, 67th Leg., p. 203, ch. 96, Sec. 1, effective September 1, 1981, and Acts 1981, 67th Leg., p. 471, ch. 202, Sec. 1, effective September 1, 1981.

you." The prosecutrix testified that the knife looked like a kitchen butcher knife, that it had a rigid blade, and that it could be used for slicing things. The appellant then obtained the key to the store from the prosecutrix, locked the front door, and turned out the store lights. He escorted her to the rear of the store where he forced her to remove her clothes. The appellant then forced her to engage in oral sex. Throughout this time the appellant had the knife in his hand. The appellant then told the prosecutrix to lie down on the floor and forced her to have sexual intercourse with him. During this act, he placed the knife right beside them. The appellant made additional threats to kill the prosecutrix after he raped her. At one point he placed the knife against her throat.

This record clearly shows that the rape was compelled by the threat of death or serious bodily injury. The appellant threatened to kill the prosecutrix before the sexual acts occurred. He kept the knife in his hand at all times, except during the act of sexual intercourse. Even then, the knife was within easy reach. Under these facts, the threat of death or serious bodily injury continued throughout the entire episode. The evidence was sufficient. *Jackson v. State,* 591 S.W.2d 820 (Tex.Cr.App.1979); *Orosco v. State,* 590 S.W.2d 121 (Tex.Cr. App.1979).

In light of our disposition of the appellant's first ground of error, we need not address his remaining contentions.

Because the indictment upon which this prosecution was based is fundamentally defective, the judgment of conviction is reversed and the prosecution ordered dismissed.