**Frederick HARRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–83–013–CR.**

Court of Appeals of Texas,
Austin.

March 7, 1984.

James R. Young, James M. Simons, Simons & Coleman (court-appointed), Austin, for appellant.

Ronald Earle, Dist. Atty., Curt Beckcom, Asst. Dist. Atty., Austin, for appellee.

Before PHILLIPS, C.J., and EARL W. SMITH and GAMMAGE, JJ.

GAMMAGE, Justice.

Frederick Harris appeals his conviction for aggravated rape in which a jury assessed punishment, enhanced by a prior conviction, at 51 years in the Department of Corrections.

Appellant brings two grounds of error, arguing that the indictment underlying his conviction is fundamentally defective for failure to allege an essential element of the offense, and that the evidence is insufficient to sustain a conviction for aggravated rape. We will reverse the judgment of conviction and order the indictment dismissed.

Appellant was convicted for violation of Tex.Pen.Code Ann. § 21.03(a)(2) (Supp. 1982), which provides that a person who commits rape is guilty of *aggravated* rape if he

> *by acts, words, or deeds places the victim in fear* of death, serious bodily inju-

ry, or kidnapping *to be imminently inflicted* on anyone; ... [emphasis added]

The indictment upon which appellant was convicted alleges that he raped his victim by "using acts, words and deeds which placed [the victim] in fear of death and serious bodily injury." Appellant complains that the failure to allege that he placed his victim in fear of *imminent* harm is a fatal defect in the indictment. We agree.

■ In order for an indictment to be sufficient it must allege all constituent elements of the offense sought to be charged. *Dennis v. State*, 647 S.W.2d 275, 278 (Tex. Cr.App.1983). An indictment drawn in the language of the statute creating and defining an offense is ordinarily sufficient. *Yuncevich v. State*, 626 S.W.2d 784, 785 (Tex.Cr.App.1982).

Prior to amendment by the legislature in 1981, the applicable section of the Penal Code provided that a person committed aggravated rape if he "compel[led] submission to the rape by *threat* of death, serious bodily injury, or kidnapping *to be imminently inflicted* on anyone." [emphasis added]. In construing this earlier version of the statute, the Court of Criminal Appeals, in *McDaniel v. State*, 642 S.W.2d 785 (Tex.Cr.App.1983), held that an indictment for aggravated rape was fundamentally defective for failure to allege that the threatened harm was to be imminently inflicted.

■ In the case at bar, appellant's trial counsel filed a motion to quash indictment prior to trial which sufficiently apprised the State that its allegations failed to state an essential element of the offense sought to be charged. In argument on the motion, defense counsel pointed out to the trial court and the State this specific deficiency in the language of the indictment. Even were this not so, we would be constrained to find the indictment defective because of the holding in *McDaniel, supra,* that to fail to allege the imminent infliction element where the statute requires it in an aggravated rape case is fundamental error.

■ The State contends, however, the imminent infliction requirement in the amended statute is simply cumulative of its other language which requires the victim to be subjectively put in fear of harm, arguing that the victim would not be placed in fear if the conduct of the perpetrator did not infer imminent infliction of the harm. This argument overlooks the necessity that, whether it is overtly threatened by the perpetrator or subjectively perceived and feared by the victim because of acts, words, or deeds of the perpetrator, the *imminent* infliction of the harm is an essential element of the offense which must be alleged and proven to sustain a conviction for aggravated rape. Everything should be stated in an indictment which is necessary to be proved, and nothing should be left to inference or intendment. *Dennis, supra*, at 279.

The State argues alternatively that the conviction can be upheld on the basis of subsection (a)(3) of § 21.03, which provides that the rape is aggravated *without the imminent infliction requirement* if the perpetrator

> *by acts, words, or deeds* occurring in the presence of the victim *threatens* to cause death, serious bodily injury, or kidnapping *to be inflicted* on anyone; ... [emphasis added]

The trial court's charge to the jury on guilt or innocence, however, was couched in the following terms to comply with the requirements of subsection (a)(2):

> A person commits the offense of Aggravated Rape if he intentionally or knowingly commits the offense of rape as hereinafter defined, and *by acts, words, or deeds he placed the victim in fear* of death, or serious bodily injury *to be imminently inflicted* on anyone. [emphasis added]

■ We do not believe this indictment contains elements sufficient to meet the requirements of § 21.03(a)(3), because it fails to allege threatening acts, words, or deeds occurring *in the presence of the victim.* Likewise, the conviction would fail because of the fatal variance existing between the requirements of subsection (a)(3) and the court's jury charge which contains the elements of subsection (a)(2). *See Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr. App.1979). Appellant's first ground of error is sustained.

By his second ground of error appellant argues that, because no weapon was used, there was no actual serious bodily injury inflicted, and his threat to harm the victim was some minutes before actual intercourse and was conditioned upon her screaming, the evidence was insufficient for the jury to find that the victim was placed in fear of imminent harm. We disagree.

■ In considering the sufficiency of the evidence to support a conviction, a court of appeals must review the evidence in the light most favorable to the verdict. *Watts v. State*, 638 S.W.2d 938 (Tex.App. 1982, no pet.). To authorize a conviction in an aggravated rape case under § 21.-03(a)(2), as amended in 1981, the trier of fact may consider not only injury actually inflicted and express verbal threats made by the perpetrator, but also his objective conduct, i.e., his acts, words, or deeds, and may infer from a totality of the circumstances whether his overall conduct placed the victim in fear of the imminent infliction of death or serious bodily injury. *Seek v. State*, 646 S.W.2d 557, 560 (Tex.App.1982, no pet.).

■ The victim testified at trial that appellant twisted her arm so forcefully that she went down on her knees, that he told her she was not going anywhere and if she screamed he would crush her neck, that he permitted her to use the bathroom only after she repeatedly begged him, that he took her into the bathroom and held her arms while she used the bathroom, that he then took her into the bedroom while continuing to hold her, that he then released her and ordered her to disrobe, and that she complied because she was afraid he was going to kill her.

The victim continued to testify that appellant became angry and told her she was stalling when she again said she needed to use the bathroom, and that he once more took her to the bathroom but did not hold onto her on this occasion. The victim then gave the following testimony:

Q. Okay. And after you finished, what did you do?

A. He asked me why I was crying, and I told him that I was scared.

Q. And did he say anything about that?

A. He asked me why I was scared, what I was scared about.

Q. What did you say?

A. I told him that I was afraid that he was going to kill me.

Q. Did he respond to that statement that you made?

A. He said that he wasn't going to hurt me, and I said, but you told me before that you were going to crush my neck, and he said only if I screamed.

The victim testified that appellant then took her back into the bedroom where they sat on the bed, that she continued to cry and appellant attempted to calm her, that he ordered her to lay down on the bed and then had oral sex and intercourse with her.

We believe this record of the acts, words, and deeds of appellant provides sufficient evidence for a jury to find that appellant put his victim in fear of death or serious bodily injury to be imminently inflicted. Appellant's second ground of error is overruled.

Because the indictment upon which this conviction is based is fundamentally defective, the judgment of conviction is reversed and the indictment is ordered dismissed.