Dewey Taylor **HOSXIE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 867–83.

Court of Criminal Appeals of Texas,
En Banc.

April 11, 1984.

Wanda M. Wray, Lubbock, for appellant.

Jim Bob Darnell, Dist. Atty., and Hollis
G. Browning, Asst. Dist. Atty., Lubbock,

1. Art. 21.03(a)(2), Texas Penal Code, now re-
pealed, provided:
  "(a) A person commits an offense if he com-
  mits rape as defined in Section 21.02 of this
  code or rape of a child as defined in Section
  21.09 of this code and he:
    "...."

Robert Huttash, State's Atty., Austin, for
the State.

**OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW**

CAMPBELL, Judge.

Appellant was charged with aggravated
rape pursuant to V.T.C.A. Penal Code, Sec.
21.03(a)(2)[1]. Trial was had to a jury; pun-
ishment was assessed at seventy-five years
confinement in the Texas Department of
Corrections. We granted appellant's peti-
tion for discretionary review to consider his
claim that the indictment in this cause is
fundamentally defective in failing to allege
a threat of *"imminent"*[2] serious bodily
injury, a claim rejected by the 7th Court of
Appeals in Amarillo.

The indictment in this cause, in pertinent
part, alleges:

  "... did then and there 'intentionally and
  knowingly by threats communicated by
  acts, words, and deeds,' ... compel L___
  B___, a female not his wife to submit to
  sexual intercourse without her consent
  and the said Dewey Taylor Hoxsie did
  *then and there intentionally and know-
  ingly by act or words, and deeds compel
  L B to submit to sexual intercourse by
  placing the said L B in fear of serious
  bodily injury.*"

  This crime allegedly occurred on
June 26, 1982. At that time, Sec. 21.-
03(a)(2) supra, required that the threat con-
veyed be of "imminent" infliction of seri-
ous bodily injury. This Court has held that
failure to allege imminent harm renders an
indictment fundamentally defective and is
therefore reversible error. *McDaniel v.
State,* 642 S.W.2d 785 (Tex.Cr.App.1982);

  "(2) by acts, words, or deeds places the vic-
  tim in fear of death, serious bodily injury, or
  kidnapping to be *imminently* inflicted on any-
  one; or ...."

2. All emphasis is supplied by the writer of this
opinion unless otherwise indicated.

*Moore v. State,* 605 S.W.2d 924 (Tex.Cr. App.1980).

■ The state attempts to distinguish *McDaniel,* supra, by contending that the second allegation of "then and there" in the indictment is sufficient to allege a threat of imminent serious bodily injury. While we agree with the state's contention that "then and there" means "at that time and at that place," we find that, as this indictment is worded, the phrase in question refers to when and where the threat was made and not to the nature of the threat.

We find the reasoning in the dissenting opinion of Chief Justice Reynolds to be dispositive of the issue:

> "When read in grammatical context, the phrase refers only to the place and time appellant compelled the rape and not to when the serious bodily injury was to be inflicted. At most, the phrase merely offers an inference of imminent bodily injury; but, because the indictment must allege all of the statutory elements for aggravation, an omission of the allegation of imminent infliction of harm in the indictment cannot be inferred from the other allegations in the indictment [citation omitted]."

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the prosecution is ordered dismissed.

CLINTON, J., concurs. McCORMICK, J., dissents.