

# NUMBER 13-22-00248-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**RANDY RAY GUTIERREZ,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

---

## ON APPEAL FROM THE 156TH DISTRICT COURT
## OF BEE COUNTY, TEXAS

---

## OPINION ON REMAND

**Before Justices Silva, Peña, and Fonseca[1]**
**Opinion on Remand by Justice Peña**

Appellant Randy Ray Gutierrez appeals his convictions for two counts of super

---

[1] The Honorable Dori Contreras, former Chief Justice of this Court, was a member of the panel at the time this case was submitted for decision but did not participate in this opinion because her term of office expired on December 31, 2024. In accordance with the appellate rules, she was replaced on panel by Justice Ysmael D. Fonseca. *See* TEX. R. APP. P. 41.1(a).

aggravated sexual assault of a child[2] (Counts 1 and 2) and one count of indecency with a child (Count 3), a first-degree and second-degree felony, respectively. *See* TEX. PENAL CODE ANN. §§ 22.021(f)(2), 21.11(a)(1). A jury found Gutierrez guilty on all three counts, and the trial court sentenced him to seventy-five years' imprisonment as to each of counts one and two, and twenty years' imprisonment as to count three, all sentences running concurrently. In two issues, Gutierrez argues that he received ineffective assistance of counsel based on trial counsel's failure to object to improper jury argument, and that the evidence was insufficient to support his convictions for super aggravated sexual assault of a child.

We reverse and remand the case to the trial court to reform the judgment to reflect a conviction for aggravated sexual assault of a child under § 22.021(a)(2)(B) as to both counts one and two, and to conduct a new punishment hearing.

## I.     BACKGROUND

A grand jury indicted Gutierrez on two counts of super aggravated sexual assault against a child younger than fourteen years of age, an offense with a statutory minimum of twenty-five years' imprisonment. *See id.* § 22.021(f)(2). Count one alleged that, on or about October 1, 2018, Gutierrez "intentionally and knowingly cause[d] the sexual organ

---

[2] Although the word "super" occurs nowhere in the aggravated sexual assault statute, it is useful to help distinguish between several distinct alternative offenses in the statute. *See* TEX. PENAL CODE ANN. § 22.021. In this opinion, we will use the term "super aggravated sexual assault of a child" to refer to an offense under § 22.021(f), which imposes a statutory minimum of twenty-five years' imprisonment under certain circumstances. *See id.* § 22.021(f). This contrasts with the term "aggravated sexual assault of a child," which here, will be used to refer to an offense under § 22.021(a)(2)(B), which has the same elements as super aggravated sexual assault of a child, absent a finding of the special circumstances that would warrant application of the statutory minimum. This usage is consistent with the indictment and jury charge in this case, which both explicitly use the term "super aggravated sexual assault of a child." Further, the Texas Court of Criminal Appeals adopted our usage in its opinion remanding this case to the Court. *See, e.g., Gutierrez v. State*, 710 S.W.3d 804, 807 (Tex. Crim. App. 2025) (concluding that "[§] (f) is an element of *the offense of super aggravated sexual assault of a child*") (emphasis added).

of [K.R.], . . . the complainant, . . . to contact the sexual organ of" Gutierrez. Count two alleged that, on or about the same date, Gutierrez "intentionally and knowingly cause[d] the mouth of [K.R.], . . . to contact the sexual organ of" Gutierrez. Both counts one and two alleged that "Defendant did then and there by acts or words threaten to cause, or place, the complainant in fear that kidnapping would be imminently inflicted on Kelly Cruz, and the acts or words occurred in the presence of" K.R. The indictment also charged indecency with a child under count three, alleged to have occurred on July 4, 2018, months before the sexual assaults. *See id.* § 21.11(a)(1).

The case proceeded to a jury trial at which the following evidence was adduced. Gutierrez met his then-girlfriend Cruz sometime in 2018, moving in together with Cruz and her eleven-year-old daughter, K.R., shortly thereafter. When they met, K.R. had only just recently concluded her involvement in a trial against Cruz's ex-boyfriend, Cristobal Garcia, who was convicted of sexually abusing her. At the time K.R. moved into his home, Gutierrez was already known to Cruz to be a sex offender. Gutierrez and Cruz would routinely use crystal meth together in the family home, with Gutierrez being Cruz's supplier.

The following witnesses testified in support of K.R.'s allegations: investigator Steve Linam from the Bee County Sheriff's Department; K.R.; Cruz; and outcry witness Dalia Resio, who is married to K.R.'s maternal uncle. K.R. testified that on July 4, 2018, Gutierrez and Cruz got into an argument, and Gutierrez tied Cruz up and placed her in the bathroom away from K.R. Gutierrez then proceeded to touch K.R. over the clothes on her vagina, buttocks, and chest.

3

As to the sexual assault that occurred later in October, K.R. testified that Gutierrez took off her clothes and tried to insert his penis into her vagina and inserted his penis into her mouth. On direct examination, K.R. testified that unlike the July 4 incident, she did not know where Cruz was at the time of the abuse. When asked if she was "worried" about Cruz at the time, she responded that she was because she "didn't know where [Cruz] was." She also agreed with the State that "the only reason [she was] worried" about Cruz at that time was because she did not know where Cruz was.

Resio testified that, when K.R. first spoke to her, "[s]he started telling me that [Gutierrez] would touch her places that she wouldn't want to be touched to a point where he would drug her, she woke up, and he tied her to the bed and—and he had his hands on her." Resio further testified that K.R. had told her that Gutierrez had touched her on the chest and private parts. When asked by the State if K.R. had told her about any allegations that went beyond touching, she responded that K.R. "never mentioned" that to her.

Resio testified that K.R. told her about Cruz being tied up in the restroom, but she was not provided any dates or details regarding that allegation:

| | |
|---|---|
| [State]: | Did [K.R.] say exactly—what else did she say about what was going on with the defendant? |
| [Resio]: | That she woke up and that he was touching her and that he also had pictures of her on his phone. She says that—I know she said her mom was in the restroom. |
| [The State]: | What did she say about her mom being in the restroom? |
| [Resio]: | That she was locked in the restroom. |
| [State]: | And did she describe how she was locked in the restroom? |

4

| [Resio]: | No. She just told me that she was just locked in the restroom. |

Later during her direct examination, the prosecutor and Resio had the following exchange:

| [State]: | When [K.R.] was describing these incidents, I think you mentioned that she said that her mom was locked in the bathroom? |
| [Resio]: | Yes. |
| [State]: | Did she mention how that happened or specifics? |
| [Resio]: | No. |
| [State]: | Did she say that happened one time or more than one time, if you can remember? |
| [Resio]: | I believe she only said one time, but this incident—it only happened once, but what he was doing to her happened more than once. |

Cruz testified that Gutierrez restrained her in the bathroom on two occasions, although she could not recall the particular dates. Cruz recalled K.R. being tied up in the bathroom as well, although K.R. could not recall such an incident. After the State rested, defense counsel moved for a directed verdict, arguing that the State had failed to present any evidence that K.R. feared Cruz was being kidnapped during the alleged sexual assault. The court denied Gutierrez's motion, and the jury returned a guilty verdict against Gutierrez on all counts.

In an unpublished opinion, this Court previously overruled Gutierrez's ineffective assistance of counsel claim. *See Gutierrez v. State*, No. 13-22-00248-CR, 2024 WL 973126, at *3–6 (Tex. App.—Corpus Christi–Edinburg Mar. 7, 2024), *rev'd & remanded*

5

*on other grounds*, 710 S.W.3d 804 (Tex. Crim. App. 2025). As to Gutierrez's sufficiency complaint, at issue was the following language from the indictment:

> Defendant . . . did then and there intentionally and knowingly [commit sexual assault], and the Defendant did then and there by acts or words threaten to cause, or place, [K.R.] in fear that kidnapping would be imminently inflicted on Kelly Cruz, and the acts or words occurred in the presence of [K.R.].

Based on a grammatical analysis, we then concluded that the State's drafting errors left the indictment indeterminate as to which manner and means of committing the offense was being alleged:

> Here, the indictment includes language from both subsections (a)(2)(A)(ii) and (iii), rendering it indeterminate as to which aggravating element is being alleged. The indictment in this case fails to follow the grammatical structure of either subsection (ii) or (iii). The main verb of the relevant clause in the indictment is the verb phrase "threaten to cause," tracking the language of subsection (iii). However, the indictment continues by using the verb "to place" set off by commas, as follows: "the Defendant did then and there by acts or words threaten to cause, *or place*, the complainant in fear that kidnapping would be imminently inflicted." The phrase "or place," set off by commas, is functioning as a nonrestrictive clause, and thus we should be able to omit the phrase and retain the meaning of the rest of the sentence. *See United States v. Nishiie*, 996 F.3d 1013, 1021–22 (9th Cir. 2021) (noting that "[a] clause is said to be nonrestrictive (or nondefining or parenthetical) if it could be omitted without obscuring the identity of the noun to which it refers or otherwise changing the intended meaning of the rest of the sentence," and "[n]onrestrictive relative clauses . . . are set off from the rest of the sentence by commas") (citation omitted). However, this cannot be done, as it would make no sense to say that Gutierrez "did then and there by acts or words threaten to cause . . . [K.R.] in fear that kidnapping would be imminently inflicted." The prepositional phrase beginning with "in fear" makes no sense without the corresponding verb "to place" contained in the nonrestrictive clause.

*Gutierrez*, 2024 WL 973126, at *7.

Although the Texas Court of Criminal Appeals did not disagree with our grammatical analysis, it otherwise concluded that the indictment was sufficient to allege super aggravated sexual assault of a child under subsection (a)(2)(A)(ii):

6

The court of appeals noted that the grammatical errors in the indictment render it difficult to understand. As the court of appeals recognized, if one were to take out the "or place" language set off by commas, the rest of the sentence did not make sense. *Id.* at *7. It "makes no sense" to say the defendant "threaten to cause . . . [the complainant] in fear that kidnapping would be imminently inflicted." *Id.* But if one leaves in the "or place" language, the indictment nearly tracks subsection (A)(ii), reading, "and the Defendant did then and there by acts and words threaten to cause, or place, the complainant in fear that kidnapping would be imminently inflicted on Kelly Cruz." *Cf.* TEX. PENAL CODE [ANN.] § 22.021(a)(2)(A)(ii) ("by acts or words places the victim in fear that . . . kidnapping would be imminently inflicted upon any person . . . ."). That the "acts and words" happened to have "occurred in the presence of the complainant," as alleged in the dependent clause that follows immediately after, is nothing more than a descriptive averment that does not affect the fact that the indictment nearly tracked verbatim the language in subsection (A)(ii). *We conclude that the State's indictment sufficiently alleged, albeit with grammatical errors, a super aggravated sexual assault of a child offense, which alleged, as an aggravating factor, an allegation of conduct under subsection (a)(2)(A)(ii).* The indictment sufficiently conveyed to Appellant that the State intended to prosecute him for that offense, and sufficiently put him on notice to prepare a defense. *Saathoff* [*v. State*], 891 S.W.2d [264,] 266; *see also* [*State v.*] *Moff*, 154 S.W.3d [599,] 602.

*Gutierrez v. State*, 710 S.W.3d 804, 812 (Tex. Crim. App. 2025) (emphasis added).

The Court reversed our judgment and "remand[ed] the case to [this Court] to resolve the remaining sufficiency issue." *Id*. at 813.

## II.     SUFFICIENCY OF THE EVIDENCE

By his second issue, Gutierrez argues that there was insufficient evidence to support his conviction for super aggravated sexual assault of a child because there was no evidence that he placed K.R. in fear that Cruz was to become the victim of imminent kidnapping, as alleged in the indictment.

## A.     Standard of Review

"Under the Due Process Clause, a criminal conviction must be based on legally sufficient evidence." *Harrell v. State*, 620 S.W.3d 910, 913 (Tex. Crim. App. 2021) (citing

*Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015)). Evidence is legally sufficient if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Joe v. State*, 663 S.W.3d 728, 731–32 (Tex. Crim. App. 2022) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Under a legal sufficiency review, we view the evidence in the light most favorable to the verdict, while recognizing that "[t]he trier of fact is responsible for resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts to ultimate facts." *Id.*

We measure the evidence produced at trial against the essential elements of the offense as defined by a hypothetically correct jury charge. *David v. State*, 663 S.W.3d 673, 678 (Tex. Crim. App. 2022) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "A hypothetically correct jury charge 'accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240).

**B.    Gutierrez's Hypothetically Correct Jury Charge**

As determined by the Texas Court of Criminal Appeals, under a hypothetically correct jury charge in this case, in addition to proving aggravated sexual assault of a child in both counts, the State must have established beyond a reasonable doubt that during the commission of the offense, Gutierrez, by acts or words placed K.R. in fear that kidnapping would be imminently inflicted on Cruz. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(A)(ii); *Gutierrez*, 710 S.W.3d at 812 (concluding that the indictment in this case alleged an offense under subsection (a)(2)(A)(ii)).

8

## C. Analysis

The question under subsection (ii) is whether we "may infer from the totality of circumstances [that Gutierrez's] overall conduct placed [K.R.] in fear" that kidnapping would be *imminently* inflicted on Cruz. *Seek v. State*, 646 S.W.2d 557, 560 (Tex. App.—Houston [1st Dist.] 1982, no pet.); *see Harris v. State*, 666 S.W.2d 537, 539 (Tex. App.—Austin 1984, no pet.) (noting that whether the harm alleged is imminent is the key to distinguishing offenses under subsection (ii) from those under subsection (iii)).

> In the context of an aggravated sexual assault, the complainant's state of fear is normally established through his or her own testimony. The defendant's conduct is then examined to determine whether it was the producing cause of such fear and whether the subjective state of fear was reasonable in light of such conduct. Where the objective facts of the assault would naturally cause the victim to fear for life or serious bodily injury—as where a deadly weapon, explicit threats, or excessive force or violence are used—it is reasonable to assume that the victim had the requisite level of fear in the absence of some specific evidence to the contrary.

*Salazar v. State*, 562 S.W.3d 61, 66 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.) (cleaned up).

Here, K.R. categorically denied knowing where Cruz was at the time of the sexual assaults. K.R. agreed with the State that the "only reason" she was "worried" about Cruz was because she did not know where Cruz was. Thus, K.R.'s testimony does not support a finding that she had the requisite level of fear to sustain a conviction for super aggravated sexual assault of a child. Nor were the objective facts of the assault in this case sufficient for us to infer that K.R. had the requisite level of fear. *See, e.g.*, *Foreman v. State*, 743 S.W.2d 731, 732 (Tex. App.—El Paso 1987, no pet.) ("[W]e agree with Appellant that, when the aggravation set out in [§] (a)(2) must be inferred from physical conduct and words of the actor not expressly stating the requisite threat, the words and

conduct must amount to more than the quantum of forcefulness needed for a simple sexual assault conviction under [§] 22.011(b)(2).")). Specifically, no objective facts were presented that would naturally cause a victim to be in fear that *another person* would imminently become the victim of kidnapping. Nor can Resio's outcry testimony help provide the factual basis to infer the requisite level of fear as to the super aggravated sexual assaults, because she explicitly denied being told about the sexual assaults altogether:

| [State]: | Are you saying that you don't remember her saying that anything went beyond touching, or that she never said anything beyond touching? |
|---|---|
| [Resio]: | She never mentioned that to me. |

Viewing the evidence in the light most favorable to the verdict, we conclude that no rational trier of fact could have found beyond a reasonable doubt that Gutierrez by acts or words placed K.R. in fear that kidnapping would be imminently inflicted on Cruz during the commission of the sexual assaults forming the basis of counts one and two. *See Joe*, 663 S.W.3d at 732. Therefore, the evidence is legally insufficient to support Gutierrez's convictions for super aggravated sexual assault. We sustain Gutierrez's second issue.

## D.      Modification

When the evidence does not support a conviction for a greater offense, we modify the trial court's judgment to reflect a conviction for a lesser included offense if the evidence supports it. *See Thornton v. State*, 425 S.W.3d 289, 300 (Tex. Crim. App. 2014). Gutierrez was convicted of super aggravated sexual assault of a child younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.021(f). Absent a finding of aggravating conduct listed in subsection (a)(2)(A), a defendant is guilty of aggravated sexual assault of a child

10

younger than fourteen years of age. *See id.* § 22.021(a)(2)(B). Appellant concedes, and we agree, that the evidence is legally sufficient to support such a conviction as to each of counts one and two.

### III.    CONCLUSION

We reverse the trial court's judgment. We remand the case to the trial court to reform the judgment to reflect a conviction for aggravated sexual assault against a child younger than fourteen years of age under penal code § 22.021(a)(2)(B) as to both counts one and two, and to conduct a new punishment hearing.


L. ARON PEÑA JR.
Justice


Publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
10th day of July, 2025.

11